IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

RODERICK KING

Criminal No. 21-184

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Stephen R. Kaufman, Acting United States Attorney for the Western District of Pennsylvania, and Rebecca L. Silinski, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

## I.    THE INDICTMENT

A federal grand jury returned a three-count Indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| One | Sex Trafficking of a Child and Attempted Sex Trafficking of a Child From in and around July 2017 to November 2020 | 18 U.S.C. §§ 1591(a)(1), 1591(b)(2), 1594(a) |
| Two and Three | Production of Material Depicting the Sexual Exploitation of a Minor<br><br>From in and around July 2017 to April 2019 | 18 U.S.C. § 2251(a) |

FILED

APR 27 2021

CLERK U.S DISTRICT COURT
W D DIST OF PENNSYLVANIA

## II.   ELEMENTS OF THE OFFENSES

### A.   As to Count One:

In order for the crime of Sex Trafficking of a Child, in violation of 18 U.S.C. §§ 1591(a)(1), 1591(b)(2), and Attempted Sex Trafficking of a Child to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.   That the defendant attempted or did knowingly recruit, entice, harbor, transport, provide, obtain, maintain, patronize, or solicit by any means, a person less than eighteen (18) years old whom the defendant knew would be caused to engage in a commercial sex act, as that term is defined in Title 18, United States Code, Section 1591(e)(3).

2.   The defendant knew that the child victim was less than eighteen (18) years old, acted in reckless disregard of the child victim's age, or had a reasonable opportunity to view the child victim.

3.   That the offense was in or affected interstate commerce.

### B.   As to Counts Two and Three:

In order for the crime of Production of Material Depicting the Sexual Exploitation of a Minor, in violation of 18 U.S.C. § 2251(a), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.   That the defendant did employ, use, persuade, induce, entice or coerce a minor to engage in sexually explicit conduct, or attempted to do so, as those terms are defined in Title 18, United States Code, Section 2256.

Title 18, United States Code, Section 2251(a).

2.     That the defendant intended that the minor engage in sexually explicit conduct.

Title 18, United States Code, Section 2251(a).

3.     That the purpose for using, persuading, inducing or enticing the minor to engage in such conduct, or attempting to do so, was to produce a visual depiction of such conduct.

Title 18, United States Code, Section 2251(a).

4.     That the production of the visual depiction involved the use of materials that have been mailed, shipped, or transported in interstate or foreign commerce by any means, or that the defendant knew or had reason to know that such visual depiction would be transported in interstate or foreign commerce or mailed, or that the visual depiction had actually been transported in interstate or foreign commerce or mailed.

Title 18, United States Code, Section 2251(a).

### III.   **PENALTIES**

**A.     As to Count One: Sex Trafficking of a Child and Attempted Sex Trafficking of a Child (18 U.S.C. §§ 1591(a)(1), 1591(b)(2), 1594(a)):**

1.     A term of imprisonment of not less than ten (10) years to life.  (18 U.S.C. § 1591(b)(2)).

2.     A fine not to exceed $250,000.00. (18 U.S.C. § 3571(b)(3)).

3.     A term of supervised release of not more than five (5) years. (18 U.S.C. § 3583(b)(1)).

4.     Any or all of the above.

3

B.      **As to Counts Two and Three: Production of Material Depicting the Sexual Exploitation of a Minor (18 U.S.C. § 2251(a)):**

1.      Imprisonment of not less than fifteen (15) years, nor more than thirty (30) years, but if such person has a prior conviction (Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117, or under Section 920 of Title 10) or under the laws of any state relating to the sexual exploitation of children, such person shall be imprisoned for not less than twenty-five (25) years, nor more than fifty (50) years, but if such person has two such prior convictions, such person shall be imprisoned not less than thirty-five (35) years, nor more than life (18 U.S.C. § 2251(d)).

2.      A fine of not more than $250,000.00 (18 U.S.C. § 3571(b)(3)).

3.      Supervised release for any term of years not less than five (5), or life (18 U.S.C. § 3583(k)).

4.      Any or all of the above.

IV.     **MANDATORY SPECIAL ASSESSMENT**

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

With respect to Count One, an additional special assessment of $5,000.00 must be imposed as the offense was committed after May 29, 2015 and the offense is located within Chapter 77 of Title 18, United States Code.  18 U.S.C. § 3014(a).

4

With respect to Counts Two and Three of the Indictment, an additional special assessment of $5,000.00 must be imposed at each count upon which the defendant is convicted, as the offenses were committed after May 29, 2015, and the offenses are located within Chapter 110 of Title 18, United States Code. 18 U.S.C. § 3014(a).

Further, with respect to Counts Two and Three of the Indictment, pursuant to 18 U.S.C. § 2259A(a)(3), an additional special assessment of not more than $50,000.00, shall be imposed at each count upon which the defendant is convicted, as the offenses were committed after December 7, 2018, and the offenses are for child pornography production as defined in 18 U.S.C. § 2259(c)(1).

## V.    **RESTITUTION**

Restitution may be required in this case as to Count One, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 1593, 3663, 3663A, and 3664.

Restitution may be required in this case as to Counts Two and Three, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 2259.

## VI.    **FORFEITURE**

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

STEPHEN R. KAUFMAN
Acting United States Attorney


*s/ Rebecca L. Silinski*
REBECCA L. SILINSKI
Assistant U.S. Attorney
PA ID No. 320774

5