IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 2:21-cr-184-CCW |
| v. | |
| RODERICK KING, | |
| Defendant. | |

**MEMORANDUM ORDER**

Before the Court are the Government's proposed Exhibits 13 and 14. Because these exhibits are videos that depict alleged sexual exploitation of a minor, also referred to as child pornography, the Court must evaluate them under Federal Rule of Evidence 403 prior to allowing them to be admitted into evidence at trial. *See United States v. Finley*, 726 F.3d 483, 493 (3d Cir. 2013) (noting it was "procedural error" for the district court to "not view[] the videos prior to admitting them into evidence") (citing *United States v. Cunningham,* 694 F.3d 372, 388 (3d Cir. 2012)).

**I.    Background**

Defendant Roderick King is charged in a three-count Indictment with Sex Trafficking of a Child and Attempted Sex Trafficking of Child, in violation of 18 U.S.C. §§ 1591(a)(1), 1592(b)(2), and 1594(a) (Count I), and Production of Material Depicting the Sexual Exploitation of a Minor, in violation of 18 U.S.C. § 2251(a) (Counts II and III). Trial in this case is set to begin on March 21, 2022. *See* ECF No. 61. Pursuant to the Court's Final Pretrial Order, *see id.*, as amended by ECF No. 64, the parties submitted their joint exhibit list on February 24, 2022. *See* ECF No. 67.

According to the joint exhibit list, Exhibits 13 and 14 are the videos underlying Counts II and III, respectively. *See* 67-1 at 2. Exhibit 13 is 29 seconds in length, and the government "intends on presenting the entire video" (including the audio). *See id.* at 2 n. 4; ECF No. 70 at 2–3. Exhibit 14 is "32 seconds in length," but the government "will be presenting only a 5-10 second portion" (without audio) at trial. ECF No. 67-1 at 2 n. 5. According to the joint exhibit list, Defendant does not object to Exhibit 13 or Exhibit 14 on grounds of either authenticity or admissibility. *See id.* at 2. Finally, the joint exhibit list indicates that the government would make Exhibits 13 and 14 available for the Court's and Defense counsel's review prior to trial. *See id.* at 2 n. 4 and n. 5.

Following the submission of the joint exhibit list, the Court directed the parties to meet and confer and file a joint status report by March 4, 2022, informing the Court as to:

> (1) what proportion of the total potential evidence depicting sexual exploitation of minors Exhibits 13 and 14 represent; (2) whether counsel for Defendant has had the opportunity to review Exhibits 13 and 14 in the form the Government intends to present to the jury; (3) confirmation of Defendant's position with regard to the Government's proposed Exhibits 13 and 14 (including playing the audio accompanying Exhibit 13)…; (4) when and how the Government proposes to make Exhibits 13 and 14 available for the Court to review in camera prior to trial; and (5) whether the parties believe the Court's review of Exhibits 13 and 14 should be in the presence of counsel for both parties and a court reporter.

ECF No. 77.

The parties filed their joint status report on March 3, 2022. *See* ECF No. 81. In the joint status report, the parties confirm that Exhibit 13 is 29 seconds in length and clarify that Exhibit 14 is seven seconds in length. The government intends to present Exhibit 13 in full, with audio; Exhibit 14 is a portion of a longer 32 second video, and will be presented without audio. *See id*. ¶ 1. It therefore appears to the Court that the government intends to present approximately 36 seconds of video evidence depicting the sexual exploitation of a minor, out of a total of about one

minute of such material that exists in this case. The joint status report confirms that Defense counsel has reviewed both exhibits in the form the government intends to present them at trial, and that Defense counsel has no objection to either Exhibit 13 or Exhibit 14. *See id.* ¶ 2. The parties further agree that "[t]he Court's review of Exhibits 13 and 14 can be conducted by the Court independently – that is, the Court's review need not occur in the presence of counsel for both parties and a court reporter." *Id.* ¶ 4. The parties request that the Court "at a time before trial, place on the record that the Court has 1) personally reviewed Exhibits 13 and 14, and 2) the Court's reasons for finding that the probative value of Exhibits 13 and 14 outweighs the risk of unfair prejudice." *Id.* (citing Fed. R. Evid. 403). Finally, as noted in the joint status report, counsel for the government "hand-deliver[ed]" to the Court "one (1) password protected disc, containing both Exhibits 13 and 14, in the form the United States intends on presenting to the jury at trial, on March 3, 2022." *Id.* ¶ 3.

The undersigned has personally reviewed Exhibits 13 and 14, and, therefore, the matter is now ripe for a ruling as to the admissibility of those Exhibits under Fed. R. Evid. 403.

**II.     Analysis**

Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The United States Court of Appeals for the Third Circuit has made clear that child pornography videos or images are probative of a defendant's *mens rea. See Finley*, 726 F.3d at 492–93 (concluding explicit videos had "'some probative value because they had a tendency to show that the offender knew the videos contain[ed] child pornography,'" and "knowingly receiv[ing], distribut[ing], and possess[ing] child pornography" is an essential element under 18

U.S.C. § 2252(a)) (quoting *Cunningham*, 694 F.3d at 389)).  Here, Counts II and III, which allege violations of 18 U.S.C. § 2251(a), require the Government to prove that Defendant acted "'for the purpose of producing any visual depiction' of a minor who was 'engage[d] in[] any sexually explicit conduct[.]'"  *United States v. Lee*, 701 F. App'x 175, 182 (3d Cir. 2017) (quoting 18 U.S.C. § 2251(a)).

The videos that make up Exhibits 13 and 14, including the audio for Exhibit 13, which appear to depict Defendant engaged in sex acts with Minor Jane Doe, are probative of the essential elements of the crimes alleged at Counts II and III, for example, intent and purpose.  *See* ECF No. 70 at 2–3 (listing essential elements and citing 18 U.S.C. § 2251(a));  *see Cunningham,* 694 F.3d at 389 (noting in case involving possession and distribution of child pornography, video evidence had probative value because of its "tendency to show that the offender knew the videos contain child pornography.").  The audio portion of Exhibit 13, which appears to involve Defendant directing Minor Jane Doe as to how to perform a sex act, is likewise probative of the purpose element.  Furthermore, the Government argues, the audio is relevant to connecting the "the voice on the video" with the "voice heard in the recorded calls (Exhibits 11.1-11.4) as well as the Target Video (Exhibit 15)," and which the prosecution will argue "is Defendant King's voice."  ECF No. 70 at 3.  The Court finds that the videos, including the audio for Exhibit 13, are relevant and probative evidence of essential elements of the crimes charged here.

The Court must next determine whether the probative value of Exhibits 13 and 14 is substantially outweighed by the danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.  The Court concludes that the probative value of these exhibits is not so outweighed.  Indeed, because Defendant is "being prosecuted for exactly what [the evidence] depicts," the Court does

not find Exhibits 13 and 14 to be unfairly prejudicial. *United States v. Hanna*, 630 F.3d 505, 512 (7th Cir. 2010) (citations omitted). Furthermore, the videos in question here are not of the "violent and sadistic character likely [to] create[] 'disgust and antagonism' toward [the defendant,]" which the Third Circuit has warned "risk[s] 'overwhelming prejudice' toward him." *Cunningham*, 694 F.3d at 390. And, although this case differs somewhat from others where the material to be shown to the jury is a small subset of the overall universe of child pornography at issue in the case, the Court again notes that each video is tied to a specific count of the Indictment, and that together the two videos in this case are significantly less than one minute in duration. In addition, Exhibit 14 is only a portion of a longer video. The probative value of Exhibits 13 and 14 is therefore not substantially outweighed by the danger of unfair prejudice, confusion, delay, or presentation of cumulative evidence.

### III. Conclusion

The Court concludes that Exhibits 13 and 14 are probative, and that their probative value is not significantly outweighed by any danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Accordingly, the Court will permit the Government to present Exhibits 13 and 14 to the jury at trial.

DATED this 7th day of March, 2022.

          /s/ Christy Criswell Wiegand
          CHRISTY CRISWELL WIEGAND
          United States District Judge

cc (via ECF email notification):

All Counsel of Record