IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

RODERICK KING,

        Defendant.

2:21-cr-184-CCW

## MEMORANDUM OPINION AND ORDER

Before the Court are *pro se* Defendant Roderick King's (1) Motion for Suppression of Out-of-Court Identification, ECF No. 106; (2) Motion to Dismiss Criminal Complaint, ECF No. 108; and (3) Motion to Dismiss Indictment, ECF No. 112. Mr. King's Motions have been fully briefed and are therefore ripe for disposition. For the reasons that follow, each of Mr. King's Motions will be DENIED.

## I.    Relevant Procedural Background

On April 27, 2021, Mr. King was charged in a three-count indictment with Sex Trafficking of a Child and Attempted Sex Trafficking of Child, in violation of 18 U.S.C. §§ 1591(a)(1), 1592(b)(2), and 1594(a) (Count I); and Production of Material Depicting the Sexual Exploitation of a Minor, in violation of 18 U.S.C. § 2251(a) (Counts II and III). *See* ECF No. 1. At the time of his indictment, Mr. King was being held at the Clarion County Jail on unrelated state charges, pending sentencing. The state court issued its sentence on Mr. King's state law charges on June 9, 2021. On May 12, 2021, Magistrate Judge Dodge granted the United States' Motion for Writ of Habeas Corpus *ad prosequendum* so that Mr. King could be brought into federal custody for his initial appearance in federal court on the federal indictment. *See* ECF Nos. 6–8. The United States

requested that Mr. King be detained pending his federal trial.  *See* ECF No. 10.  Mr. King's initial appearance and arraignment were held before Magistrate Judge Dodge on June 10, 2021, at which time Mr. King, through his then-counsel, pled not guilty and waived a detention hearing.  *See* ECF Nos. 13–16.  After a change in counsel, Mr. King, at the final pre-trial conference on March 15, 2022, elected to proceed *pro se*.  *See* ECF Nos. 98–99.  In order to allow Mr. King to prepare for trial, and because Mr. King declined to agree to certain stipulations of fact entered into by his previous counsel, trial of this case was reset to commence on July 5, 2022.  *See* ECF Nos. 100– 101.

## II.  Motion for Suppression of Out-of-Court Identification

Mr. King seeks an order suppressing the out-of-court identification of him by the alleged Minor Victim in this case.  *See* ECF No. 106.  In general, "[a]n identification procedure violates the Due Process Clause if it is 'unnecessarily suggestive' and results in a 'substantial risk of misidentification.'"  *United States v. Robinson*, 821 F. App'x 141 (3d Cir. 2020) (quoting *United States v. Emanuele*, 51 F.3d 1123, 1128 (3d Cir. 1995)).  Furthermore, "[a]n identification resulting from an unduly suggestive identification procedure need not be suppressed if the identification 'possesses sufficient aspects of reliability, for reliability is the linchpin in determining the admissibility of identification testimony.'"  *Id*. (quoting *Emanuele*, 51 F3d at 1128).  And, "[w]hen challenging an identification procedure, the defendant has the burden of proving that the identification procedure was impermissibly suggestive."  *United States v. Holt*, No. 04-69, 2005 U.S. Dist. LEXIS 25378, at *15 (W.D. Pa. Oct. 27, 2005) (Conti, J.) (citing *United States v. Lawrence*, 349 F.3d 109, 115 (3d Cir. 2003)).

Here, Mr. King takes issue with what he believes are deficiencies in the provenance of particular pieces of evidence and the credibility of certain testimony presented to the grand jury.

*See, e.g., id.* ¶ 3 ("The discovery material does not contain a video of law enforcement recording the alleged victim scrolling through her phone to show proper chain of custody"); ¶ 5 ("In a grand jury transcript from alleged [Minor Victim] I received, the district attorney asked [Minor Victim], 'did Mr. King use regular text like imessages?'  The alleged [Minor Victim] stated 'yes.'  This is clearly a lie because there is no such evidence of these said imessage conversations.");  and ¶ 7 (disputing Minor Victim's grand jury testimony because "I believe it is extremely uncommon for a [sic] 18 year old to recall the exact amount of times they had sex over a 45 month period."). While such issues could conceivably be loosely related to the reliability of an identification, Mr. King presents no coherent argument as to why or how the identification procedure used by the government was unnecessarily suggestive, or that the identification itself was insufficiently reliable, such that there is a substantial risk of misidentification in this case.  As such, his Motion for Suppression of Out-of-Court Identification will be DENIED.

### III.    Motion to Dismiss Criminal Complaint

Next, Mr. King seeks dismissal of a purported "criminal complaint" at "Magistrate case # 2:20-mj-00134."  ECF No. 108.  As the United States notes in its response, it appears that Mr. King is, in fact, referring to docket 2:21-mj-134. *See* ECF No. 114 at 1 n.1.  That docket number pertains to a search warrant for a Snapchat account that the government claims was Mr. King's— not to a criminal complaint. *See id.* at 3–4.  And, as noted above, Mr. King was charged in this case by indictment, not criminal complaint. *See* ECF No. 1.  As such, there is no criminal complaint in this case that could be dismissed.  Mr. King's remaining contentions as to the non-existent criminal complaint—i.e., that he was not (1) timely indicted, (2) did not have an initial appearance on the criminal complaint, and (3) did not have a probable cause hearing related to the

criminal complaint—are therefore without merit.  *See* ECF No. 108.  Accordingly, Mr. King's Motion to Dismiss Criminal Complaint will be DENIED.

## IV.    Motion to Dismiss Indictment

Finally, Mr. King seeks dismissal of the indictment against him.  *See* ECF No. 112.  Under Federal Rule of Criminal Procedure 7, "[t]he indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government."  Detailed allegations are not required.  *See United States v. Huet,* 665 F.3d 588, 594 (3d Cir. 2012) ("Although detailed allegations may have been required under a common law pleading regime, they 'surely are not contemplated by [the Federal Rules].'") (citing *United States v. Resendiz-Ponce*, 549 U.S. 102, 110 (2007)).  As such, "'[i]t is well-established that "[a]n indictment returned by a legally constituted and unbiased grand jury, . . . if valid on its face, is enough to call for trial of the charge on the merits."'"  *Id.* at 594–95 (quoting *United States v. Vitillo*, 490 F.3d 314, 320 (3d Cir. 2007)).  In evaluating whether an indictment meets this standard, the United States Court of Appeals for the Third Circuit has held that "an indictment is facially sufficient if it '(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution.'"  *Id.* at 595 (quoting *Vitillo*, 490 F.3d at 321).  "Generally, an indictment will satisfy these requirements where it informs the defendant of the statute he is charged with violating, lists the elements of a violation under the statute, and specifies the time period during which the violations occurred."  *Id.* (citing *United States v. Urban*, 404 F.3d 754, 771 (3d Cir. 2005)).

However, "'[a] pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence.'" *Id.* (quoting *United States v. DeLaurentis*, 230 F.3d 659, 660 (3d Cir. 2000)). Because "'[t]he government is entitled to marshal and present its evidence at trial, and have its sufficiency tested by a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29,'" a motion to dismiss an indictment is not a proper vehicle for raising "'[e]videntiary questions — such as credibility determinations and the weighing of proof.'" *Id.* (citations omitted). "Thus, a district court's review of the facts set forth in the indictment is limited to determining whether, assuming all of those facts as true, a jury could find that the defendant committed the offense for which he was charged." *Id.* (citations omitted).

Here, the indictment—which states the statutes allegedly violated by Mr. King, lists the elements of those offenses, and describes the time period in which those alleged offenses allegedly occurred—is facially valid. *See* ECF No. 1. Indeed, Mr. King's Motion to Dismiss Indictment does not challenge the sufficiency of the indictment itself; instead, Mr. King asks the Court to do precisely what the Third Circuit has said we cannot when ruling on a motion to dismiss an indictment: evaluate the sufficiency of the government's evidence. *See, e.g.,* ECF No. 112 ¶ 1 ("Interstate or foreign commerce cannot be established for Count 1"); ¶ 2(a) (challenging purported lack of "metadata" for cellphone videos at issue in this case); and ¶ 6(a)–(f) (challenging whether Minor Victim cooperated with the government and details of certain testimony presented to the grand jury). As such, Mr. King's Motion to Dismiss Indictment will be DENIED.

## V.     Conclusion

For the foregoing reasons, it is hereby ORDERED that:

1.  Mr. King's Motion to Suppress Out-of-Court Identification, ECF No. 106, is DENIED;

2.  Mr. King's Motion to Dismiss Criminal Complaint, ECF No. 108, is DENIED;  and

3.  Mr. King's Motion to Dismiss Indictment, ECF No. 112, is DENIED.

IT IS SO ORDERED.

DATED this 20th day of May, 2022.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc:

RODERICK KING
Inmate 21-01129
Cambria County Prison
425 Manor Drive
Ebensburg, PA 15931

All Counsel of Record via CM/ECF e-mail notification