IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 21-184 |
| | ) | |
| RODERICK KING | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION PRETRIAL
DETERMINATION OF AUTHENTICATION OF SNAPCHAT RECORDS**

AND NOW comes the United States of America, by its attorneys, Cindy K. Chung, United States Attorney for the Western District of Pennsylvania, and Rebecca L. Silinski, Assistant United States Attorney for said District, and submits this Response to Defendant Roderick King's Motion for Pretrial Determination of Authentication of Snapchat Records (ECF No. 158) (the "Motion"), and states as follows:

The United States incorporates by reference as though more fully stated herein the statements made in its Motion in Limine Regarding Snapchat and Facebook Records (ECF No. 150). Therein, the United States has set forth a sufficient basis for authentication of the Snapchat records under Federal Rule of Evidence 901, describing, in part, how it intends on establishing that Defendant Roderick King was the "author" of the communications at issue.

While the Motion largely sets out the "holes" Defendant King believes he sees in the prosecution's case, it should not impact this Court's threshold decision as to whether the records can be authenticated and admitted in the manner in which the United States has addressed. Of course, the United States understands that the Court may have to defer its decision regarding admissibility until the time of trial.

Defendant's averments regarding whether the prosecution obtained certain exhibits containing Snapchat material from the minor victim's telephone or directly from Snapchat have

been discussed at length.  Notwithstanding the prosecution's repeated explanation, Defendant King insists that the prosecution will not be able to establish the authenticity or admissibility of these exhibits.  The United States disagrees and has proffered the manner in which it intends on establishing the authenticity and admissibility of these exhibits.  Moreover, allegations that the United States, through undersigned counsel and investigators, lied to the Court (and Defendant King) are patently untrue.  *See* ECF No. 158, ¶ 2.

Of course, Defendant King will have the opportunity to cross examine the witnesses at trial, who were involved in obtaining, downloading, and reviewing the material obtained from the minor victim's cell phone as well as from Snapchat.

As it relates to the assertion that undersigned counsel has not provided an extraction report for the minor victim's phone – that issue was addressed in the prosecution's response to a separate motion for discovery.  *Id.* at ¶ 3.  Further, undersigned counsel showed *pro se* Defendant King, during the videoconference, a portion of the Axiom Forensic Extraction Report for the Minor Victim's cell phone, which indicates the cell phone was processed on or about November 23, 2020.  This report will be uploaded to Defendant King's laptop in conjunction with the additional files discussed at the pre-trial conference today.

The United States will confirm with Defendant King the "warrant return section" issue identified in paragraph 7 and, if necessary, provide him with the completed warrant return section.

The United States has already addressed in its response to a separate motion for discovery, Defendant King's concern regarding the Snapchat business record certification.

WHEREFORE, Defendant's Motion should be denied.

        Respectfully submitted,

        CINDY K. CHUNG
        United States Attorney

By:   */s/ Rebecca L. Silinski*
       REBECCA L. SILINSKI
       Assistant United States Attorney
       PA ID No. 320774