IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

                    Plaintiff,

          v.                                        2:21-CR-184-CCW

RODERICK KING,

                    Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court are *pro se* Defendant Roderick King's (1) Motion to Compel Pretrial Services Report, ECF No. 199; (2) Motion to Compel All Prisoner Remands to Docket, ECF No. 200; (3) Motion for Court Order That Changed Defendant's Status to a Federal Pre-Trial Detainee, ECF No. 201; and (4) Omnibus Post-Trial Motion Requesting Documents, ECF No. 207. Mr. King also filed a letter to the Clerk of the Court addressing several issues with respect to communications. ECF Nos. 205 & 206. Mr. King's Motions have been fully briefed and are therefore ripe for disposition.

For the reasons that follow, each of Mr. King's Motions will be DENIED.

I.    **Relevant Procedural Background**

On April 27, 2021, Mr. King was charged in a three-count indictment with Sex Trafficking of a Child and Attempted Sex Trafficking of Child, in violation of 18 U.S.C. §§ 1591(a)(1), 1592(b)(2), and 1594(a) (Count One); and Production of Material Depicting the Sexual Exploitation of a Minor, in violation of 18 U.S.C. § 2251(a) (Counts Two and Three). *See* ECF No. 1. At the time of his indictment, Mr. King was being held at the Clarion County Jail on unrelated state charges, pending sentencing. The state court issued its sentence on Mr. King's state

law charges on June 9, 2021.  On May 12, 2021, Magistrate Judge Dodge granted the United States' Motion for Writ of Habeas Corpus *ad prosequendum* so that Mr. King could be brought into federal custody for his initial appearance in federal court on the federal indictment.  *See* ECF Nos. 6–8.  The United States requested that Mr. King be detained pending his federal trial.  *See* ECF No. 10.  Mr. King's initial appearance and arraignment were held before Magistrate Judge Dodge on June 10, 2021, at which time Mr. King, through his then-counsel, pled not guilty and waived a detention hearing.  *See* ECF Nos. 13–16.  Following a detention hearing on September 30, 2021, Magistrate Judge Maureen P. Kelly ordered Mr. King detained pending trial.  ECF No. 36.

After a change in counsel, Mr. King, at the final pre-trial conference on March 15, 2022, elected to proceed *pro se*.  *See* ECF Nos. 98–99.  In order to allow Mr. King to prepare for trial, and because Mr. King declined to agree to certain stipulations of fact entered into by his previous counsel, trial of this case was reset to commence on July 5, 2022.  *See* ECF Nos. 100–101.

The jury trial began on July 5, 2022, and on July 8, 2022, the jury rendered its verdict, finding Mr. King guilty on all three counts in the Indictment.  ECF No. 190.

On August 2, 2022, the Court received Mr. King's Motion to Compel Pretrial Services Report, ECF No. 199, his Motion to Compel All Prisoner Remands to Docket, ECF No. 200, and his Motion for Court Order That Changed Defendant's Status to a Federal Pre-Trial Detainee, ECF No. 201.  On August 4, 2022, the Clerk of the Court received a letter from Mr. King on certain communication issues.  ECF Nos. 205 & 206. On August 5, 2022, the Court received Mr. King's Omnibus Post-Trial Motion Requesting Documents.  The United States has since submitted an omnibus response to Mr. King's filings, ECF No. 211, and these motions and the letter are therefore now ripe for disposition.

II.     **Mr. King's Motion to Compel Pretrial Services Report, ECF No. 199, Will Be Denied**

Mr. King requests that his pretrial services report be filed on the docket, because it was not filed on the docket or produced to him prior to his detention hearing.  ECF No. 199.

The United States contends that the United States Probation Office for the Western District of Pennsylvania shared Mr. King's pretrial services report on September 30, 2021, at approximately 1:27 PM, with the Court, then-defense counsel, Thomas Livingston, Esq., and counsel for the United States.  ECF No. 211 at 4;  ECF No. 211-1 (email).

Pursuant to 18 U.S.C. § 3153(c)(1), subject to limited statutory exceptions, "information obtained in the course of performing pretrial services functions in relation to a particular accused shall be used only for the purposes of a bail determination and shall otherwise be confidential. Each pretrial services report shall be made available to the attorney for the accused and the attorney for the Government."

Because the pretrial service report is to "be used only for the purposes of a bail determination and shall otherwise be confidential" and the report was shared with Mr. King's then-counsel in connection with his detention hearing, he is not entitled to have that report filed on the docket and his Motion at ECF No. 199, is DENIED.

III.    **Mr. King's Motion to Compel All Prisoner Remands to Docket, ECF No. 200, and Motion for Court Order That Changed Defendant's Status to a Federal Pre-Trial Detainee, ECF No. 201, Will Be Denied**

Mr. King's Motion to Compel All Prisoner Remands to Docket, ECF No. 200, lists several instances in which he believes a "prisoner remand" should have been filed on the docket and requests that the Court "file and enter every prisoner remand as [he has] a right to information pertaining to [his] custody" status.  ECF No. 200.  Mr. King's Motion for Court Order That Changed Defendant's Status to a Federal Pre-Trial Detainee asks the Court to produce the order that changed his status from state prisoner to federal pretrial detainee.  ECF No. 201.

3

The United States asserts that it "is not aware of any 'prisoner remand' documents other than the Orders entered by the Court at ECF No. 19 (Order of Detention) and ECF No. 36 (Order of Detention Pending Trial)."  ECF No. 211 at 5–6.  The United States further asserts that Mr. King "was paroled from his Clarion County sentence [on August 14, 2021] (even though he had not been returned to Clarion County to serve his sentence and had been in the continuous custody of the USMS since June 10, 2021)" and was therefore no longer a state prisoner following his parole.  *Id.* at 6.  The United States "is not aware of any other 'order' that changed Defendant King's status to a federal pre-trial detainee."  *Id.*

The docket correctly reflects that Mr. King was brought into federal custody for his arraignment pursuant to a writ, ECF Nos. 6 & 8, and that he was ordered detained pending his federal trial, ECF Nos. 19 & 36.  In addition, the Court properly ordered Mr. King detained pending sentencing, in open court, following the jury's return of a guilty verdict at trial.  Accordingly, there is appropriate documentation of Mr. King's custody status and the Court will DENY Mr. King's Motions at ECF Nos. 200 and 201.

## IV.   Mr. King's Omnibus Post-Trial Motion Requesting Documents, ECF No. 207, Will Be Denied

Mr. King's Omnibus Motion requests documents that he asserts "should have been provided to defendant and/or filed to ECF" including:

1. "Prisoner remands";
2.  A court order remanding Mr. King to U.S. Marshal custody;
3. His "Pretrial Services Report";
4. "U.S. Marshal-129 forms";
5. Post-trial detention order;
6. A copy of the "Executed Writ" of habeas corpus ad prosequendum; and
7. A receipt and inventory of the contents of the January 2021 Snapchat search warrant/return under the Docket Number 21-mj-00134.

*See* ECF No. 207.

Having addressed Items 1 through 3 in the context of Mr. King's other Motions, the Court turns to Items 4 through 7.

With respect to Item 4, as the United States notes, Mr. King provides no legal basis for his request or his assertion that it is "common practice" for the United States Marshal's forms to be docketed, nor is the Court aware of such practice.   Thus, the Court will DENY Mr. King's Motion to compel the production of the "U.S. Marshal-129 forms."

With respect to Item 5, following Mr. King's guilty verdict, in open court, the Court ordered Mr. King to remain detained pending sentencing pursuant to the Court's prior written order of detention.  Mr. King has pointed to no legal authority requiring an additional written order following his trial, and as such, Mr. King's Motion to compel his post-trial detention order will be DENIED.

With respect to Item 6, the United States notes that the United States Marshals Services is responsible for returning the fully executed writ to the Court, which will occur after sentencing. ECF No. 211 at 7–8 (citing *United States v. Zwick*, No. CIV. 10-1449, 2011 WL 666182, at *18, n. 15 (W.D. Pa. Feb. 14, 2011) (stating "[t]he writ was then fully executed on October 1, 2008, when the Defendant was transported by the United States Marshal Service to the Allegheny County Jail after his sentencing proceeding."). Mr. King has not yet been sentenced.  Thus, Mr. King's request for an "Executed Writ" of habeas corpus *ad prosequendum* will be DENIED.

Finally, with respect to Item 7, Mr. King's allegation that the Snapchat search warrant return is not complete is rejected as untimely.  Fed. R. Crim. P. 12(b)(3) (a motion regarding the suppression of evidence or with respect to discovery under Rule 16 "must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits…"); *see also*, Fed. R. Crim. P. 12(c)(3) ("If a party does not meet the

deadline for making a Rule 12(b)(3) motion, the motion is untimely.  But a court may consider the defense, objection, or request if the party shows good cause.").  Mr. King's Motion provides no good cause for his failure to file this request pretrial.

Further, even if Mr. King had demonstrated good cause for the Court to consider the Motion now post-trial—which he has not—Mr. King has not demonstrated that he has suffered any prejudice as a result of the Snapchat search warrant return not being complete.  *See* ECF No. 207.  Further, the Court notes that the United States represented that Mr. King had received "the written report prepared by the case agent pertaining to the return."  ECF No. 211 at 3.  As summarized by Judge Fischer in *United States v. Brown*:

> Rule 41 requires the officer who executes the warrant to promptly return it to the magistrate judge designated on the warrant. *See* Fed. R. Crim. P. 41(f)(1)(D).  "The procedural requirements of Rule 41(d) are essentially ministerial in nature." *United States v. Hall*, 505 F.2d 961, 963 (3d Cir. 1974) (citations omitted).  In *Hall*, the Third Circuit explained that not every violation of the procedures in Rule 41 "however insignificant and however lacking in consequences, should give rise to the remedy of suppression." *Id.* at 964.  Rather, a district court should grant a motion to suppress based on a Rule 41 violation only when the defendant demonstrates prejudice "that is, prejudice in the sense that it offends concepts of fundamental fairness or due process." *Id.*

No. 15-182, 2017 U.S. Dist. LEXIS 132848, at *30 (W.D. Pa. Aug. 21, 2017).  Thus, Mr. King's Motion will be DENIED.

## V.   Mr. King's Letter to the Clerk of the Court, ECF No. 205 & 206

Mr. King's letter to the Clerk of the Court indicates that (1) he has not been able to get through to the Clerk's Office by telephone recently;  (2) the United States has not been mailing him documents that the United States has filed on ECF;  and (3) he requests 2255 and 1983 forms. *See* ECF Nos. 205 & 206.

That same day, the Court issued an order addressing issues (1) and (3), including directing the Clerk's Office to mail the 2255 (Motion to Vacate) & 1983 (Prisoner Civil Rights) packets to

his address of record.[1]  ECF No. 205.  With respect to (2), the Court ordered the United States to respond to Mr. King's allegation that the United States has not been mailing him the documents filed by the United States on the docket.  ECF No. 205.

With respect to pretrial filings, the United States represents that it provided Mr. King, electronically via its online file-sharing system, every document filed by the United States and that counsel for the United States specifically addressed this procedure with Mr. King during a videoconference conferral.  ECF No. 211 at 9.  In addition, the United States represents that it offered Mr. King hard copies of documents during in-person court proceedings.  *Id.*  The United States further represents that Mr. King did not express any concerns with this document-sharing procedure, nor did he request hard copy documents.  *Id.*

The United States represents that at trial, it learned for the first time that Mr. King had lost his laptop privileges and could not access his documents.  *Id.*  This issue was addressed during side bar and the United States offered to provide Mr. King with hard copies, but Mr. King did not request any hard copies.  *Id.*

The United States acknowledges that it did not mail Mr. King one post-trial document, specifically the United States' response, ECF No. 197, due to a clerical error.  ECF No. 211 at 9.  The United States further notes that Mr. King has not updated his current address on the docket, *id.*, which the Court has addressed by reminding Mr. King of his responsibility to notify the Court of his change of address.  ECF No. 210.  In light of such issues, the United State represented that it would confirm with the United States Marshals Service whether Mr. King is at the NEOCC and, if so, mail him ECF Nos. 197, 208, & 211.

---

[1] These packets were returned to the Court on August 15, 2022.  Mr. King is reminded as a *pro se* defendant, he is solely responsible for updating the Court of his legal mailing address to receive copies of Court orders, and the Court may not do so on his behalf without said document.  *See* ECF No. 210.  Mr. King is once again advised to update his current mailing address by filing a notice of change of address.

Going forward, the United States has volunteered to file a Certificate of Service once an item has been mailed.  ECF No. 211 at 10 (citing Local Civil Rule 5.3).

In light of the United States representations and its commitment, going forward, to file a Certificate of Service once an item has been mailed, to the extent Mr. King's Letter can be construed to be requesting any relief, the Court will DENY the request as moot.

**VI.    Conclusion**

For the foregoing reasons, Mr. King's (1) Motion to Compel Pretrial Services Report, ECF No. 199;  (2) Motion to Compel All Prisoner Remands to Docket, ECF No. 200;  (3) Motion for Court Order That Changed Defendant's Status to a Federal Pre-Trial Detainee, ECF No. 201;  (4) Omnibus Post-Trial Motion Requesting Documents, ECF No. 207, and (5) to the extent any relief is requested therein, Mr. King's Letter to the Clerk of Court, ECF Nos. 205 & 206, are each DENIED.

IT IS SO ORDERED.

DATED this 19th day of August, 2022.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc:

RODERICK KING
Inmate 21-01129
Cambria County Prison
425 Manor Drive
Ebensburg, PA 15931

RODERICK KING
Northeast Ohio Correctional Center
2240 Hubbard Road
Youngstown, OH 44505

All Counsel of Record via CM/ECF e-mail notification