IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 21-184 |
| | ) | |
| RODERICK KING | ) | |

**UNITED STATES' POSITION WITH RESPECT TO SENTENCING FACTORS**

AND NOW comes the United States of America, by its attorneys, Cindy K. Chung, United States Attorney for the Western District of Pennsylvania, and Rebecca L. Silinski, Assistant United States Attorneys for said district, and states as follows:

1.      The United States has no objection to the United States Probation Office's calculation of the applicable guideline range as detailed in the Final Presentence Investigation Report (PSIR).  *See* Doc. No. 220, ¶ 49, 84.

2.      The United States acknowledges, however, that the Draft PSIR calculated Defendant King's Total Offense Level as 41, which resulted in an advisory Guideline Range of 360 months to life imprisonment (*see* Doc. No. 220, ¶ 49, 84), but the Final PSIR re-calculated Defendant King's Total Offense Level as 43, which results in an advisory Guideline Range of life (*see* Doc. No. 221, ¶ 49, 84).  The most significant difference between the Draft and Final PSIR is the application of the 5-level enhancement, pursuant to §4B1.5(b)(1), for "engag[ing] in a pattern of activity involving prohibited sexual conduct."  This enhancement was not included in the Draft PSIR and, due to unforeseen circumstances, United States Probation Officer Specialist (USPOS) Erin Stewart was unable to convey this re-calculation to the parties prior to filing of the Final PSIR.

3.      Undersigned counsel and Attorney Michael Ovens, Defendant King's stand-by counsel, conferred earlier today and thought it prudent to advise the Court that Defendant King may not be aware of this modification.

4.      Undersigned counsel also advised Attorney Ovens and USPO Stewart that the United States intended on seeking the §4B1.5(b)(1) enhancement regardless and will provide additional information in its sentencing memorandum and at the sentencing hearing in support thereof.

5.      To the extent Defendant King has an objection[1], the parties will include said objection in their Joint Status Report to the Court.

Respectfully submitted

CINDY K. CHUNG
United States Attorney

*/s/ Rebecca L. Silinski*
REBECCA L. SILINSKI
Assistant United States Attorney
United States Attorney's Office
Western District of Pennsylvania
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
(412) 894-7403 (desk)
rebecca.silinski@usdoj.gov
PA ID No. 320774

---

[1]      On September 26, 2022, Attorney Ovens informed undersigned counsel and USPOS Stewart that:

I was able to talk to Mr. King earlier today to discuss the administrative resolution process. Mr. King had received the report just before my video call, so we went through the report together and I let him know if he needed more time to review it we could meet again later in the week. He said that was not necessary. I wanted to confirm what Mr. King wanted me to say and this is what he said to say, verbatim: "I have nothing to object to administratively because I was convicted illegally, and in the court I have no voice anyway."

Before talking with Mr. King, I spoke with Ms. Silinski who had one change - in paragraph 9 the request is to change "DHS-HIS" to "DHS-HIS".  Mr. King has no objection to that change.

Attorney Ovens and undersigned counsel had previously arranged that if Defendant King wanted to speak with undersigned counsel, undersigned counsel would be available by telephone or to join in the video conference to discuss any objections.  Attorney Ovens informed undersigned counsel that Defendant King did not wish to do so, and that Attorney Ovens could convey the information to undersigned counsel and USPO Stewart.