IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>  v.<br><br>RODERICK KING,<br><br>   Defendant. | 2:21-cr-184-CCW |

## **OPINION**

The United States Court of Appeals for the Third Circuit is currently considering pro se defendant Roderick King's appeal of his convictions for sex trafficking of a child and production of child pornography, and has remanded several discrete issues to the District Court. After careful consideration of the remanded issues, the Court respectfully submits that there is not a basis for a new trial under the Sixth Amendment and that Mr. King's July 5, 2022 trial was timely under the Speedy Trial Act.

## I.   BACKGROUND

### A.   Procedural Background of Original District Court Proceedings

On April 27, 2021, Mr. King was charged in a three-count indictment with Sex Trafficking of a Child and Attempted Sex Trafficking of Child, in violation of 18 U.S.C. §§ 1591(a)(1), 1591(b)(2), and 1594(a) (Count I);  and Production of Material Depicting the Sexual Exploitation of a Minor, in violation of 18 U.S.C. § 2251(a) (Counts II and III).  ECF No. 1 at 1–3.

Initially, Assistant Federal Public Defender Thomas Livingston represented Mr. King, including at his initial appearance, arraignment, and later detention hearing.  ECF Nos. 13–16, 19, 34–36.  On September 24, 2021, Mr. King's pretrial motions deadline expired without the filing

of any such motions, and the Court issued a final pretrial order setting the case for a November 15, 2021 trial. ECF Nos. 24, 31. On October 13, 2021, Attorney Livingston filed a motion to withdraw as counsel and a separate motion to postpone the trial until January 18, 2022 or later and to correspondingly postpone all related pretrial deadlines. ECF Nos. 39, 40. In the motion to withdraw, counsel indicated that Mr. King manifested a lack of trust in, and respect for counsel's legal advice, resulting in irreconcilable differences. ECF No. 39 at 2–3. In the motion to postpone the trial and related deadlines, Attorney Livingston relayed that a postponement was necessary in light of the absence of a meaningful attorney-client relationship between himself and Mr. King, and because once new counsel was appointed for Mr. King, that attorney would need time to become familiar with the case and to establish a meaningful attorney-client relationship with Mr. King. ECF No. 40 at 1–2. The proposed order accompanying counsel's motion to postpone included language confirming that the extension of time caused by the requested continuance would be deemed excludable delay under the Speedy Trial Act, pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(iv). ECF No. 40-1.

On October 14, 2021, the Court scheduled a hearing regarding defense counsel's motion to withdraw, to occur on October 19, 2021, with Mr. King present. ECF No. 41. Also on October 14, 2021, the Court granted the defense's motion to postpone the trial and related deadlines. ECF No. 42. The Court's order granting the postponement vacated the existing trial and pretrial deadlines and stated that the Court would set new trial and pretrial deadlines, as appropriate, after it resolved the pending motion to withdraw as counsel. *Id.* The Court's order also included specific findings regarding the exclusion of time under the Speedy Trial Act:

> IT IS FURTHER ORDERED that the time period between today [10/14/2021] and 1/18/2022 is excludable under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A). Specifically, the Court finds that the ends of justice served by granting [d]efense counsel's motion to continue the trial date outweigh the best

interest of the public and the Defendant in a speedy trial, for all of the reasons set forth in Defense counsel's [ECF No. 39] Motion to Withdraw as Counsel and [ECF No. 40] Motion to Postpone Trial and Related Trial Deadlines, all of which are incorporated herein. In particular, the Court finds that a Speedy Trial Act exclusion is necessary and appropriate in light of defense counsel's representations in [ECF No. 39] regarding the breakdown in attorney client relationship, specifically Defendant's "complete and utter lack of trust in, and respect for the legal advice and representations of fact" of counsel, as far back [as] their 9/21/2021 meeting. In making its findings, the Court considered and determines that failure to grant the requested continuance of the trial date would, under 18 U.S.C. § 3161(h)(7)(B)(1), be likely to result in a miscarriage of justice in light of the breakdown in the attorney client relationship, and, will also, pursuant to (h)(7)(B)(4), deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. If current counsel remains on the case following the Court's resolution of the pending [ECF No. 39] Motion to Withdraw, he has not yet developed a working relationship with Defendant sufficient to permit appropriate trial preparation. If, after consideration of [ECF No. 39] the Motion to Withdraw, the Court determines that new counsel should be appointed, that new counsel will require time to become familiar with the charges in the indictment, the discovery materials, and to establish a meaningful attorney-client relationship with the Defendant.

ECF No. 42.

On October 19, 2021, the Court held a hearing on defense counsel's motion to withdraw, at which Mr. King and his counsel were present in person, as were counsel for the United States and the Court. ECF No. 45. After discussion, the Court permitted Mr. Livingston to withdraw as counsel for Mr. King, and the Court appointed CJA Panel Attorney Michael Ovens to represent Mr. King. *See* ECF Nos. 46, 47. Mr. Ovens represented Mr. King until March 15, 2022, when Mr. King elected to proceed pro se, as further discussed below.

During the October 19, 2021 to March 15, 2022 period while Mr. Ovens represented Mr. King, a number of pretrial matters took place, as reflected on the docket at ECF Nos. 48 through 101, and the Court will discuss those events further below, to the extent they are relevant to the issues before the Court in this limited remand. In general, though, the parties were making submissions and preparing for a new trial date of March 21, 2022.

On March 15, 2022, the Court convened the final pretrial conference for the then-scheduled March 21, 2022 trial date.  ECF No. 98.  During the March 15th conference, Mr. King requested to represent himself.  *See id.*  The Court conducted a full colloquy pursuant to *United States v. Peppers*, 302 F.3d 120 (3d Cir. 2002), and found Mr. King competent to waive his right to counsel and to represent himself.  *See id.*  The Court appointed Mr. Ovens as standby counsel.  ECF No. 99.  To allow Mr. King to prepare for trial, and because Mr. King sought to withdraw from certain stipulations of fact previously entered into by his then-counsel, trial was rescheduled to begin on July 5, 2022.  *See* ECF Nos. 100, 101.

Also on March 15, 2022, after discussion with the parties on the record, the Court issued an order excluding the period from March 15, 2022 to the July 5, 2022 trial date under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A).  ECF No. 101.  The Court's order made specific findings regarding the exclusion of time under the Speedy Trial Act:

> Specifically, the Court finds that, in light of the Court granting Mr. KING's request to proceed pro se and his request to withdraw from certain fact stipulations entered into between his former counsel and the Government, the ends of justice served by rescheduling the jury trial from 3/21/2022 to 7/5/2022 outweigh the best interest of the public and Mr. KING in a speedy trial, for all of the reasons set forth on the record during the 3/15/2022 final pretrial conference, all of which are incorporated herein. See ECF No. 98. In particular, the Court finds that a Speedy Trial Act exclusion is necessary and appropriate because during the 3/15/2022 final pretrial conference to discuss the jury trial in this matter scheduled to commence 3/21/2022, Mr. KING made an oral motion to proceed pro se due to a disagreement with his counsel over pretrial stipulations. Because the parties had relied on such pretrial stipulations in preparation for trial, any potential withdrawal of those pretrial stipulations would not permit the parties to proceed with the jury trial on 3/21/2022[,] less than one week from today's date [3/15/2023]. After conducting a pro se colloquy, the Court found that Mr. KING was competent to waive representation and that he freely, knowingly, and voluntarily waived his right to be represented by counsel. The Court further appointed Mr. Ovens to act as standby counsel. See ECF No. 99. Mr. KING then waived the time period between today and the new trial date under the Speedy Trial Act in order to continue the trial at a later date without the aforementioned pretrial stipulations. See ECF No. 98. In making its findings, the Court concludes, under 18 U.S.C. §§ 3161(h)(7)(B)(i) and

3161(h)(7)(B)(iv), that failure to grant the requested continuance of the trial date would be likely to result in a miscarriage of justice, in light of Mr. KING's request to withdraw from the stipulations and proceed pro se, and would deny Mr. KING the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

ECF No. 101.

From March 15, 2022 on, Mr. King represented himself in this case.  In the period leading up to trial, again, a number of events occurred, as reflected on the docket at ECF Nos. 102 through 184.  The Court will discuss those events further below, to the extent they are relevant to the issues before the Court in this limited remand.  In essence, though, after Mr. King elected to represent himself on March 15, 2022, he received every opportunity to make decisions about his case and prepare for trial anew as a pro se litigant, including filing and responding to motions, as well as taking positions on exhibits, jury instructions, voir dire, and the verdict form.

Mr. King's jury trial began on July 5, 2022.  He represented himself throughout the four-day trial, including participating in voir dire, questioning witnesses, engaging in numerous sidebars with the Court, and delivering his opening statement and closing argument to the jury.  On July 8, 2022, the jury rendered its verdict and found Mr. King guilty on all three counts in the Indictment. ECF No. 190.

Mr. King also represented himself during the sentencing phase of his case.  On December 16, 2022, the Court sentenced Mr. King to a 444-month term of imprisonment, followed by a lifetime term of supervised release.  ECF No. 283.  The sentence imposed is a downward variance from Mr. King's advisory Guideline sentence of life.

Mr. King appealed his conviction to the Third Circuit.  ECF Nos. 251, 256.  Although his appeal is currently pending, certain issues are now before the District Court pursuant to the Third Circuit's May 5, 2023, Order for limited remand.

### B.    Background on Remand

On April 6, 2023, with Mr. King's appeal pending, the United States filed in the Third Circuit a motion to vacate judgment and remand for a new trial.  ECF No. 307-1.  The United States took the position that the District Court should have conducted a *Peppers* colloquy at the October 19, 2023 hearing on Attorney Livingston's motion to withdraw, after Mr. King raised the possibility of proceeding pro se.  *Id.* at 2.  The United States also noted that the error potentially implicated Mr. King's rights under the Sixth Amendment and Speedy Trial Act.  *Id.* at 4–5.  On May 5, 2023, the Third Circuit granted in part and denied in part the United States' motion, remanding the case on a limited basis.  ECF No. 310.

The Circuit's Order set out several tasks for this Court related to whether Mr. King is entitled to a new trial under the Sixth Amendment and whether his July 2022 trial was timely under the Speedy Trial Act.  First, the Circuit directed this Court to ask Mr. King whether he wants to continue to represent himself, and if he does, to conduct a full *Peppers* colloquy.  ECF No. 310 at 1.  Second, if the Court allowed Mr. King to proceed pro se after his *Peppers* colloquy, the Circuit stated that Mr. King should be given an opportunity to "review and either accept or reject filings docketed between October 19, 2021, and March 15, 2022."  *Id.*  Third, the Circuit requested that this Court "adjudicate any filings from this period that King decides to handle differently than his counsel did and to explain whether the Court's resolution of those filings would have so altered the legal or factual matters at King's trial as to be a 'basis for a new trial.'"  *Id.* at 1–2 (quoting *United States v. Lee*, 760 F.3d 692, 695 (7th Cir. 2014)).  Fourth, the Circuit directed this Court to "recalculate the Speedy Trial Act deadline to determine whether [Mr.] King's trial would have been timely had [Mr.] King originally made those decisions" and, if trial would not have been timely, to "explain what remedy [the Court] would order."  *Id.* at 2.

6

Consistent with the Third Circuit's limited remand, the Court convened a proceeding on May 9, 2023, with Mr. King, standby counsel Mr. Ovens, and counsel for the United States all present in person. ECF Nos. 311, 312. At that proceeding, Mr. King confirmed that he wanted to continue to represent himself. ECF No. 312. The Court then conducted a full *Peppers* colloquy, and found him competent to waive his Sixth Amendment right to counsel and to continue to proceed pro se. ECF No. 312.

The Court then provided Mr. King with an opportunity "to review and either accept or reject filings docketed between October 19, 2021, and March 15, 2022." ECF No. 310 at 1. To facilitate this process, at the May 9, 2023 court proceeding, the Court provided Mr. King, standby counsel, and counsel for the United States with a printed packet prepared by the Court containing every filing entered on the docket between October 19, 2021, and March 15, 2022, specifically, ECF Nos. 45 through 101. *See* ECF No. 312-1 (packet of materials distributed to Mr. King and all counsel). The Court explained to Mr. King the contents of the packet and the process for review. ECF No. 312. The Court also explained what Mr. King should file with the Court to memorialize his position with respect to the filings from that time period. ECF No. 312. Specifically, the Court directed Mr. King to list each docket number from October 19, 2021, through March 14, 2022—ECF Nos. 45 through 101—and next to the docket number, indicate whether he "accepts" or "rejects" that number. The Court explained that if Mr. King "accepts" that docket number, it means he does not object to how his then-counsel handled that event, but if he "rejects" a docket number, then it means he believes that had he been representing himself at that time, he would have handled that event differently than his counsel did. The Court discussed with Mr. King his views on a reasonable time for him to review the filings and submit his "accept

7

or reject list." Mr. King indicated that one week was acceptable, and the Court set a deadline of May 16, 2023 for Mr. King to submit his list. ECF Nos. 312, 313.

On May 18, 2023, the Court received Mr. King's submission. ECF No. 318. Mr. King expressly objected to Docket Nos. 51, 52, 57, 63, 65, 66, 67, 68, and 75. ECF No. 318 ¶ 3. He expressly accepted Docket Nos. 80, 81, 88, and 97. *Id.* However, he did not list any other specific docket entries. Rather, he included a general statement that "if there are ANY 'Joint' docs I did not recognized [sic] they are to be OBJECTED." *See id.*

To ensure that the Court fully understood Mr. King's positions on all docket entries filed between October 19, 2021 and March 15, 2022, it issued an Order on May 18, 2023, directing Mr. King to file a document by May 30, 2023, expressly specifying by docket number what, if any, additional docket entries he objects to by his general statement that "if there are ANY 'Joint' docs I did not recognized [sic] they are to be OBJECTED." ECF No. 319. In addition, the Court's Order set a May 30, 2023 deadline for Mr. King to provide any additional explanation regarding how he would have handled any docket entries that he objected to. *Id.* The Order also directed Mr. King to provide any additional information he wanted the Court to consider regarding the calculation of non-excludable time pursuant to the Speedy Trial Act during the period of October 19, 2021 through March 15, 2022, taking into account the docket entries to which he objected. ECF No. 319.

On May 31, 2023, the Court received Mr. King's supplemental submission. ECF No. 323. In it, he confirmed that there were no additional docket entries he intended to identify via his statement "if there are ANY 'Joint' docs I did not recognized [sic] they are to be OBJECTED." ECF No. 323 at 5. He also provided additional information about how he would have handled

certain docket entries differently, and information about his position on the Speedy Trial Act calculation. *See generally id.*

The Court provided the United States with an opportunity to respond to Mr. King's submissions, and it did so on June 9, 2023. ECF No. 331. The United States asserts that none of Mr. King's objections or information about how he would have handled an event differently would form the basis for a new trial. *See generally id.* And it submits that Mr. King's July 2022 trial was timely. *Id.* at 1.

Thus, the issues identified in the Third Circuit's May 5, 2023 Order are ripe for this Court's consideration. The Court will now determine whether Mr. King's objections provide a basis for a new trial and whether Mr. King's trial was timely in light of those objections.

## II.    ANALYSIS

The Court concludes that, assuming there was error in not providing Mr. King with a *Peppers* colloquy on October 19, 2021 as opposed to March 15, 2022 when he requested and was permitted to waive his right to counsel and represent himself, that error has been corrected, such that there is no basis for a new trial. In addition, the Court has recalculated the Speedy Trial Act deadline and concludes that Mr. King's July 5, 2022 trial still would have been timely, taking into consideration the filings he objects to from the October 19, 2021 to March 15, 2022 timeframe and his assertions about how he would have handled certain events differently. The Court's analysis is below.

### A.    Sixth Amendment Right to Self-Representation Analysis

Having reviewed and adjudicated the filings that Mr. King asserts he would have handled differently between October 19, 2021 and March 15, 2022, the Court respectfully concludes that its resolution of those filings would not have "so altered the legal or factual matters at [Mr.] King's trial as to be a 'basis for a new trial.'" ECF No. 310 at 2 (citing *Lee*, 760 F.3d at 695).

9

### 1.    Legal Framework

The Sixth Amendment guarantees a defendant the right to assistance of counsel in a criminal case, and the right to refuse counsel and represent himself. *Gideon v. Wainwright*, 372 U.S. 335, 342–43 (1963); *Faretta v. California*, 422 U.S. 806, 819 (1975). A defendant has the right to conduct his own defense if his waiver of counsel is knowing and intelligent and "he is able and willing to abide by rules of procedure and courtroom protocol." *McKaskle v. Wiggins*, 465 U.S. 168, 173 (1984); *see also Buhl v. Cooksey*, 233 F.3d 783, 789 (3d Cir. 2000).

These Sixth Amendment rights to counsel and self-representation apply at all critical stages of prosecution. *See Iowa v. Tovar*, 541 U.S. 77, 87–88 (2004). With respect to the right to self-representation, "[t]he *pro se* defendant must be allowed to control the organization and content of his own defense, to make motions, to argue points of law, to participate in voir dire, to question witnesses, and to address the court and the jury at appropriate points in the trial." *McKaskle*, 465 U.S. at 174. Thus, the Court's "primary focus," in determining whether a defendant's right to self-representation has been respected, is whether the defendant "had a fair chance to present his case in his own way." *Id.* at 177.

An error in denying or delaying a defendant permission to represent himself is not subject to harmless error analysis. *United States v. Davila*, 569 U.S. 597, 611 (2013); *see also Peppers*, 302 F.3d at 137. But it is subject to corrected error analysis. *Lee*, 760 F.3d at 695; *Carroll v. Daugherty*, 764 F.3d 786, 789–88 (7th Cir. 2014); *United States v. Rice*, 776 F.3d 1021, 1026 (9th Cir. 2015). The Seventh Circuit has aptly described the difference between the two: "A harmless error is a real error, just a real error believed not to have affected the judgment," while "[a] corrected error is a real error, but an error that having been corrected enables a definitive and not merely conjectural conclusion that it had not affected the judgment." *Carroll*, 764 F.3d at 790.

To determine whether a denial of or delay in the right to self-representation has been adequately corrected, a court examines whether a defendant's right to represent himself was restored such that he had "a fair chance to present his case in his own way." *Rice*, 776 F.3d at 1024–26 (quoting *McKaskle*, 465 U.S. at 177). If not, then the court must provide the defendant with a pro se "re-do" of any critical stages of the prosecution in which he had not previously been permitted to represent himself. *Lee*, 760 F.3d at 695.

The defendant's fundamental procedural right to self-representation can be restored through correction at various stages of the case. *See, e.g.*, *id.* (remanding the case for a "re-do" of a suppression hearing); *Rice*, 776 F.3d at 1025–26 (finding no structural error from delay of self-representation when the district court "reset the game clock" for the pro se defendant prior to trial). For example, a district court can correct this error prior to a defendant's appeal. In *Rice*, the defendant's ability to represent himself was delayed for almost five-months, during which the district court struck a number of pretrial motions because they were not filed by counsel. 776 F.3d at 1025. The Ninth Circuit noted that "the district court should have taken up the self-representation request more expeditiously," but found no violation of the defendant's Sixth Amendment right to self-representation, viewing the record as a whole, because after the defendant was permitted to represent himself, the district court afforded him the opportunity to re-file motions and extended the time for doing so. *Id.* The Ninth Circuit reasoned that, in essence, the district court had already "reset the game clock" after granting defendant the right to represent himself, thereby affording him what the Sixth Amendment guarantees—"a fair chance to present his case in his own way." *Id.* at 1025–26 (quoting *McKaskle*, 465 U.S. at 177).

And even if a delay in the right to self-representation is not corrected prior to appeal, the error can also be corrected through a limited remand that allows for a "re-do" of certain critical

stages of the prosecution at which defendant did not previously represent himself.  In *Lee*, the district court did not permit the defendant to represent himself at a pretrial suppression hearing, and instead conducted that proceeding through defense counsel.  760 F.3d at 693.  The defendant was permitted to represent himself after the suppression hearing and did so at trial and on appeal. *Id.* at 694.  The Seventh Circuit concluded that, although the district court's error could not be deemed harmless, it could be corrected on remand via "a re-do of the suppression hearing, this time [with the defendant] representing himself." *Id.* at 695.  The Court reasoned that the re-do of the hearing restored the defendant's "fundamental procedural right" to represent himself, which is all that is required. *Id.*  "If after a suppression hearing in which he again chooses and this time is permitted to represent himself the district court denies the motion to suppress, there will be no basis for a new trial.  For the defendant—who was permitted to represent himself at trial—will have been granted all the procedural rights to which he was entitled." *Id.*

## 2.    If Delaying Mr. King's Right to Self-Representation Was Error, This Error Was Corrected

Here, any error attributable to the Court's delayed *Peppers* colloquy and Mr. King being represented by counsel between October 19, 2021 and March 15, 2022, was corrected in advance of his July 2022 trial.  When Mr. King began representing himself on March 15, 2022, the Court "reset the game clock," *Rice*, 776 F. 3d at 1026, as described below.  Accordingly, there is no need to "re-do" any particular proceeding or re-adjudicate filings from the October 19, 2021 to March 15, 2022 time period on remand because Mr. King's fundamental procedural right was restored to him as of March 15, 2022, he received "a fair chance to present his case in his own way," *McKaskle*, 465 U.S. at 177, and he did so, in preparing for and conducting his July 2022 trial.[1]

---

[1] In addition, receiving "a new trial would be a windfall" for Mr. King, as he was provided an opportunity to present his case in his own way. *United States v. Williams*, 974 F.3d 320, 347 (3d Cir. 2020) (cleaned up). *See, e.g.*, ECF

Thus, after reviewing the filings that Mr. King now objects to and asserts he would have handled differently, the Court concludes that its resolution of those filings would not have so altered the legal or factual matters at Mr. King's trial as to be a basis for a new trial. Mr. King has reviewed the filings docketed between October 19, 2021 and March 15, 2022, and has rejected the following filings: ECF Nos. 51, 52, 57, 63, 65, 66, 67, 68, and 75. Having carefully considered each of Mr. King's objections and having reviewed the record as a whole, the Court determines that, after Mr. King began representing himself pro se on March 15, 2022, he had the opportunity to revisit, in advance of his July 2022 trial each issue or event to which he now objects. Therefore, any alleged error was corrected prior to Mr. King's trial.

### a. Objection to Status Report Regarding Pro Se Correspondence, ECF No. 51

The first filing Mr. King objects to is ECF No. 51, which is a December 2, 2021 status report filed by then-defense counsel Mr. Ovens addressing issues Mr. King had raised in pro se correspondence to the Court's Jury Selection Supervisor, at ECF No. 49. After the Court received Mr. King's pro se correspondence, it ordered defense counsel to confer with him on that correspondence and file counseled motions if/as appropriate. ECF No. 50. Counsel's status report relayed that some of Mr. King's concerns related to "procedure" and had been addressed by counsel, and others related to the preparation of a defense, which counsel would continue to discuss

---

No. 233 at 35:25–38:8 (Mr. King's opening statement); 43:4–45:7, 68:13–96:15; 128:4–138:5, 166:17–181:25, 185:1-190:17, 192:21–201:13, 204:7–206:14 (Mr. King cross-examining witnesses); 99:3–106:23, 146:9–147:3, 182:1–184:16, 190:15–192:19 (Mr. King participating in sidebars); 115:4–5, 146:1–147:2 (Mr. King's opportunities to make objections); *see also, e.g.*, ECF No. 234 at 11:22–15:8, 121:6–156:4, 158:19–168:15, 170:15–177:8 (Mr. King cross-examining witnesses); 2:2–6:9, 41:22–45:19, 67:17–70:23, 76:8–82:16, 106:8–109:5, 110:20–112:12, 156:7–158:18, 168:17–170:14, 177:11–181:4 (Mr. King participating in sidebars); 41:17–45:19, 67:15–70:23, 76:6–81:19, 106:6–109:3, 110:16–112:10 (Mr. King's opportunities to make objections); *see also, e.g.*, ECF No. 225 at 10:7–14:16, 15:24–25:18 (Mr. King cross-examining witnesses); 2:2–9:14, 14:19–15:23 (Mr. King participating in sidebars); 26:18–30:6 (Mr. King moving for judgment of acquittal); 36:7–15 (Mr. King's opportunity to testify in his defense); 37:8–9, 38:7–15 (Mr. King electing not to take the stand or present evidence in his defense); 41:22–63:5 (Mr. King participating in the final charging conference); 73:10–77:3 (Mr. King's closing argument).

with Mr. King.  ECF No. 51.  The status report stated that "[a]t this time counsel does not intend to file any motions based on issues raised in Mr. King's letter."  *Id.*

On remand, Mr. King does not explain how he would have handled the issues in the status report differently had he been representing himself.  *See* ECF Nos. 318, 323.  Conceivably, Mr. King disagrees with his counsel's decision not to file motions on the issues in Mr. King's pro se correspondence at the time of the status report.  The Court, however, provided Mr. King with the opportunity to file motions after he began representing himself on March 15, 2022, and before his July 2022 trial.  ECF No. 100.  Not only did Mr. King have the *opportunity* to file motions generally, but he *did* in fact file motions on a number of the specific topics raised in his pro se correspondence.  For example, his pro se correspondence focused on matters such as the sealing of his arrest warrant, implications of the Interstate Agreement on Detainers Act, and the authenticity of certain Snapchat records, and he filed motions on those topics while proceeding pro se.[2]  The Court adjudicated each of Mr. King's motions before trial after providing the United States with an opportunity to respond.[3]

In sum, any error due to Mr. King not representing himself at the time of the status report at ECF No. 51 was corrected before trial.  Mr. King's later filing of motions and the Court's adjudication of such motions pretrial demonstrates that the resolution of issues raised in the status

---

[2] *See, e.g.*, ECF 108 (Mr. King's pro se motion to dismiss criminal complaint, discussing various procedural matters including alleged untimeliness of indictment and alleged lack of receipt of arrest warrant associated with criminal complaint);  ECF No. 112 (motion to dismiss indictment on various grounds, including alleged procedural and substantive deficiencies with Snapchat evidence and alleged deficiencies with arrest warrant);  ECF No. 115 (motion for additional discovery requesting variety of materials, including additional information about sealing of search warrants);  ECF 125 (motion to dismiss indictment for violations of Speedy Trial Act and Interstate Agreement on Detainers Act); ECF No. 158 (motion for pretrial determination of authentication of Snapchat records).

[3] *See, e.g.*, ECF No. 118 (memorandum opinion and order regarding Mr. King's pro se motion to dismiss the criminal complaint, ECF No. 108, and his pro se motion to dismiss the indictment, ECF No. 112);  ECF No. 131 (order on Mr. King's pro se motion for additional discovery, ECF No. 115);  ECF No. 149 (order denying  Mr. King's pro se motion to dismiss indictment for violations of the Speedy Trial Act and the Interstate Agreement on Detainers Act, ECF No. 125);  ECF No. 176 (memorandum opinion and order on pretrial motions, which included discussion of Mr. King's pro se motion for pretrial determination of authentication of Snapchat records, ECF No. 158).

report would not have altered the legal or factual matters at his trial at all, let alone so significantly as to be a basis for a new trial.

### b.  Objection to Motion to Reinstate Right to File Pretrial Motions, ECF No. 52

The second filing Mr. King objects to is a December 3, 2021 motion by his then-counsel to reinstate the right to file pretrial motions until January 18, 2022, at ECF No. 52.  Defense counsel's articulated reason for filing the motion was to protect Mr. King's right to effective assistance of counsel and due process of law.  On remand, Mr. King has not explained how he would have handled this event differently had he been representing himself at the time of this filing, apart from mentioning, in his discussion of excludable time under the Speedy Trial Act, that he believes his counsel filed the motion in order to "sand-bag [his] trial."  ECF No. 323 at 4.  If the Court assumes Mr. King objected to this filing because he believes it potentially delayed the date of his trial, that objection lacks merit.  This filing did not impact the timing of Mr. King's trial because, as discussed in Section B below at footnote 12, the time from the filing of this motion through January 18, 2022 was separately and properly excluded under the Speedy Trial Act.  Therefore, Mr. King's rejection of the December 3, 2021 motion would not have so altered the legal or factual issues at Mr. King's trial as to be the basis for a new trial.

### c.  Objections to Motions for Extensions of Time, ECF Nos. 57, 63, 75

Mr. King next objects to three motions for extension of time filed or joined by his then-counsel, ECF Nos. 57, 63, 75.[4]  With respect to whether these extensions, if handled differently by Mr. King, would have somehow changed the legal or factual landscape of Mr. King's trial, the

---

[4] As noted in the Speedy Trial Act analysis below, because these motions were filed by counsel and not Mr. King, during a time when Mr. King wanted to represent himself, the Court has not excluded the time from filing of these motions through their resolution, but rather has assumed that this time elapsed for Speedy Trial Act purposes.  As discussed below, even treating this time as non-excludable under the Speedy Trial Act, Mr. King's trial was and would have nonetheless been timely.

15

Court finds they would not.  At most, Mr. King's trial hypothetically could have begun slightly more than one month earlier if these extensions were not requested.  The trial itself, however, would not have been materially different—for example, the Court is not aware of any witnesses who were unavailable in July who may have been available earlier.  Nor is the Court aware of any changes in the law during that approximately one month period that could have materially altered the trial had it occurred earlier.  In short, the Court cannot perceive how the rejection of these extensions would have so altered the legal or factual landscape so as to serve as a basis for a new trial.

### d.  Objections to Pretrial Submissions, ECF Nos. 65–68

Mr. King next objects to four documents filed jointly by the parties on February 24, 2022, pursuant to the Court's final pretrial order:  proposed jury instructions, proposed verdict form, exhibit list, and stipulations for trial.  ECF Nos. 65–68.  Mr. King does not explain how he would have handled the proposed verdict form or exhibit list differently.  With respect to the proposed jury instructions, Mr. King does now contend that there are particular provisions of the proposed jury instructions with which he would have disagreed and additional provisions he would have requested.  *See* ECF No. 318.  With respect to the stipulations, the Court is aware from the March 15, 2022 pretrial conference that Mr. King disagreed at the time with the stipulations, which, in part, prompted him to request to represent himself.

The bottom line now with respect to all four of these pretrial submissions, is that after Mr. King began representing himself, the Court permitted him to withdraw these disputed stipulations and prepare for trial anew.  Specifically, the Court gave Mr. King the opportunity to propose new

16

jury instructions and respond to the United States' proposed instructions,[5] propose a verdict slip,[6] select his exhibits and take positions on the United States' exhibits,[7] as well as consider whether to enter into any trial stipulations.[8]  Thus, any error due to Mr. King not representing himself at the time of parties' February 24, 2022 pretrial submissions was corrected before trial because Mr. King had the opportunity to consider and submit each type of pretrial submission while representing himself.    The Court's adjudication of those pretrial submissions before trial demonstrates that the resolution of issues raised in those pretrial submissions would not have altered the legal or factual matters at his trial at all, let alone so significantly as to be a basis for a new trial.

---

[5]  *See, e.g.*, ECF No. 130 (amended final pretrial order providing instructions and deadline for parties to file joint proposed jury instructions);  ECF No. 135 (order updating deadlines for certain pretrial submissions without delaying trial date);  ECF No. 154 (order directing the United States and Mr. King to confer on all pretrial filings);  ECF No. 155 (the United States' status report regarding trial deadlines, which indicated that the United States and Mr. King had conferred by videoconference for approximately three hours, that they agreed to proceed with the jury instructions already posted on the docket at ECF No. 90, and that they agreed to several supplements to the proposed instructions consistent with the submission at ECF. No. 142 of the docket).  The Court then posted its proposed jury instructions, prior to trial, *see* ECF Nos. 178, 179, with an accompanying order explaining any modifications, ECF No. 181.

[6] Mr. King was given the opportunity, while pro se, to re-file a proposed verdict slip, *see* ECF No. 130, but he did not ultimately do so.  *See Carroll*, 764 F.3d at 789–90 (finding no structural error when district court had already corrected the error by providing the pro se defendant the same opportunities given to his counsel).  Ultimately, Mr. King and the United States were ordered to confer regarding pretrial filings.  *See* ECF No. 154.  The United States filed a status report, indicating that Mr. King agreed to proceed using the verdict slip, ECF No. 91, that the Court had previously proposed.  ECF No. 155 ¶¶ 9–10.  The Court then re-docketed the verdict slip, *see* ECF No. 180, and indicated in a subsequent order that neither party requested any addition or modification of the verdict slip, *see* ECF No. 181.

[7] *See* ECF No. 151 (the United States' exhibit list);  ECF No. 152 (order requiring the United States to file a status report indicating whether Mr. King had had an opportunity to review the exhibits that his prior counsel had not objected to);  ECF No. 154  (requiring additional pretrial conferral between Mr. King and the United States);  ECF No. 155 (the United States' status report following conferral, which indicated that an updated exhibit list would be docketed with Mr. King's objections);  ECF No. 156 (exhibit chart reflecting Mr. King's objections to various exhibits).  Mr. King also filed a motion pretrial regarding certain exhibits.  *See* ECF No. 158.

[8] The original trial stipulations, ECF No. 68, served as a catalyst for Mr. King's March 15, 2022 request to represent himself.  His then-counsel had entered into stipulations that, among other issues, agreed to the authenticity of certain exhibits, so that testimony from custodians of records would not be needed at trial.  At the final pretrial conference, however, Mr. King indicated he disagreed with those stipulations and wanted to represent himself.  After conducting a *Peppers* colloquy and permitting him to proceed pro se, the Court also permitted him to withdraw those stipulations. *See* ECF No. 98, ECF No. 101 (withdrawing these stipulations).  He then later, while pro se, had the opportunity to confer with the United States and enter into new stipulations, if he chose to do so, in advance of trial.  *See* ECF Nos. 154, 155.  The parties then filed joint stipulations, which, unlike before, did not include stipulations with respect to the authenticity of exhibits.  *See* ECF No. 169.

17

### e. Generalized Objection

Along with his objections to the specific documents described above, Mr. King raises a generalized concern that during the October 19, 2022, through March 15, 2022 time frame, "the strategic strategies I once mentioned to counsel . . . were faded in memory, and only covered up with new problems that arised [sic], resulting in me not persuing [sic] these trial strategies subsequently." ECF No. 318 at 2. While it is possible that when representing himself, Mr. King forgot, or elected not to pursue, a particular strategy that he had earlier considered while represented by counsel, such a concern did not undermine his fundamental procedural right to represent himself so as to provide a basis for a new trial here.

After Mr. King began representing himself, the Court ensured that had a fair chance to present his case in his own way. *McKaskle*, 465 U.S. at 177. Indeed, the Court "reset the game clock." *Rice*, 776 F. 3d at 1026. Mr. King had ample time to consider his trial strategy, he made varied and numerous filings in furtherance of his chosen strategy, and he was in charge of all aspects of his case. He determined whether and when to file motions; made decisions regarding proposed jury instructions, verdict forms, and exhibits; participated in jury selection; and presented his case to the jury at trial. *McKaskle*, 465 U.S. at 175. In short, Mr. King's fundamental procedural right to represent himself was restored, such that there is no basis for a new trial here.

### B.    Calculation of Time Under the Speedy Trial Act

Consistent with the Third Circuit's May 5, 2023 Order, the Court has recalculated the Speedy Trial Act deadline, taking into consideration the filings Mr. King objected to from the

October 19, 2021 to March 15, 2022 timeframe,[9] and concludes that Mr. King's July 5, 2022 trial remains timely.

### 1. Legal Standard

To assure that criminal defendants receive a speedy trial, the Speedy Trial Act requires a defendant's trial to begin within seventy days of his indictment or first appearance in the court in where the charges are pending, whichever is later.  18 U.S.C § 3161(c)(1).  However, certain periods of time are excludable and stop the seventy-day clock from running.  *Zedner v. United States*, 547 U.S. 489, 497 (2006) (citing 18 U.S.C. § 3161(h)).  As the Third Circuit has recently confirmed, "a district court may grant a continuance and toll the speedy trial clock by making a finding, on the record, that the 'ends of justice' served by granting a continuance 'outweigh the best interest of the public and the defendant in a speedy trial.'"  *United States v. Adams*, 36 F.4th 137, 144 (3d Cir. 2022);  18 U.S.C. § 3161(h)(7)(A).

The court may grant such an ends-of-justice continuance either on its own, at the request of a defendant or his counsel, or at the request of counsel for the United States.  18 U.S.C. § 3161(h)(7)(A).  And the court's reasons may be articulated either orally or in writing.  *Id.*  The Speedy Trial Act sets forth factors which a judge shall consider in determining whether to grant such a continuance, and they include, as relevant here, whether failing to grant a continuance "would be likely to . . . result in a miscarriage of justice," *id.* § 3161(h)(7)(B)(i), would deny the defendant reasonable time to obtain counsel, or would deny counsel for the defendant or counsel for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, *id.* § 3161(h)(7)(B)(iv).

---

[9] Because, on remand, Mr. King has objected to the Court's October 14, 2021 Order excluding time under the Speedy Trial, the Court has included an analysis of that Order even though it occurred prior to his request to represent himself on October 19, 2021.

19

Other events can stop the speedy trial clock as well.  When a party files a "pretrial motion," the clock is tolled from the date of filing until "the conclusion of the hearing on, or other prompt disposition of such motion."  *Id.* § 3161(h)(1)(D).  Under the Speedy Trial Act, a "pretrial motion" includes motions in limine, *see Adams*, 36 F.4th at 151 (extending this provision to motions in limine unless the district court "clearly indicates that it is reserving judgment for trial"), motions for extensions of time, *see United States v. Arbalaez*, 7 F.3d 344, 347 (3d Cir. 1993) ("Any pretrial motion, including a motion for extension of time, is a pretrial motion within the meaning of [the Speedy Trial Act] and creates excludable time . . . ."), and motions for a hearing, *see United States v. Rashid*, 593 F. App'x 132, 135 (3d Cir. 2014) (holding "the entire period between the filing of the motion and the conclusion of the hearing" is properly excluded).

### 2.    Elapsed and Excluded Time Under the Speedy Trial Act

The Court outlines below the events relevant to the Speedy Trial Act clock, and the periods of time that the Court has determined are excludable, either because it granted an ends-of-justice continuance or because of the filing of a pretrial motion.  In each instance involving an ends-of-justice continuance, the Court made contemporaneous written findings and expressly cited the Speedy Trial Act in its Orders.  In certain instances, the Court also made additional oral findings, which are reflected in hearing transcripts.  In all, the Court concludes that, at most, 58 days elapsed on the Speedy Trial clock, taking into consideration the events to which Mr. King objected.

### a.  June 10, 2021 Through October 12, 2021

Mr. King's speedy trial clock began to run on June 10, 2021, the date of his arraignment.  ECF No. 14.  The clock was tolled from June 10, 2021 through September 30, 2021 due to the filing and resolution of motions that fit within the definition of a pretrial motion for Speedy Trial Act purposes.  *See* ECF Nos. 17–18 (oral motion to extend pretrial motions at arraignment and

order granting it);  ECF Nos. 27–28, 36 (defense motion for detention hearing, order scheduling hearing, order of detention);  ECF Nos. 32–33 (defense motion to dismiss and order denying it);  *see, e.g.*, *Wall v. United States*, 258 F. Supp. 3d 437, 445 (D. Del. 2017) (excluding time between the filing of a motion for a detention hearing and the court's resolution of it).  .

On September 24, 2021, Mr. King's pretrial motions deadline expired without him having filed any pretrial motions, and the Court issued a final pretrial order.  ECF Nos. 24, 31. Accordingly, once the Court resolved his September 23, 2021 motion for a detention hearing by issuing an order of detention on September 30, 2021, the clock began to run again on October 1, 2021.  ECF Nos. 27, 28, 36.  Seven days elapsed, from October 1, 2021 through October 7, 2021.

The speedy trial clock was tolled for one day, October 8, 2021, due to a joint motion to extend certain trial deadlines, which the Court ruled upon the same day.  ECF Nos. 37, 38;  *see also United States v. Erickson*, No. 3:19-CR-0007, 2020 WL 3001047, at *6 (D.V.I. June 3, 2020) (citing *United States v. Santiago-Becerril*, 130 F.3d 11, 16 (1st Cir. 1997), and *United States v. Mentz*, 840 F.2d 315, 327 (6th Cir. 1988)) ("A motion ruled on the same day it is filed tolls the speedy trial count for that one day.").

October 9 through October 12, 2021 were not excludable under the Speedy Trial Act.  By this point, a total of eleven days had elapsed on the speedy trial clock.

### b.  October 13, 2021 Through January 18, 2021

The speedy trial clock was then properly tolled from October 13, 2021 through January 18, 2022.  Specifically, on October 13, 2021, Mr. King's counsel moved to postpone the trial and related deadlines, and in the proposed order, confirmed the extension of time caused by the requested continuance would be deemed excludable delay under the Speedy Trial Act, pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(iv).  ECF Nos. 40, 40-1.  The Court granted the

21

motion on October 14, 2021, and included in its written order specific citations to the Speedy Trial Act as well as specific written findings supporting the ends-of-justice extension. *See* ECF No. 42.

Mr. King now takes issue with the Court's October 14, 2021 Order excluding time for the period of October 14, 2021 through January 18, 2022. He contends that "granting a continuance from a defense counsel that had already filed a motion to withdraw . . . becoming a 'movant' for a future counsel that didn't exist at the time the continuance was granted" is improper. ECF No. 318 at 2. He also asserts that there were flaws embedded within defense counsel's motion to postpone, for example that it did not "mention if the motion . . . would prejudice the government" and that "the only reasons [counsel articulated] to postpone trial was [sic] to build a lawyer client relationship, and to give new counsel time to learn defendant's charges." ECF No. 323 at 3.

Despite Mr. King's position to the contrary, the granting of this motion was proper. At the time the Court received and ruled on the October 13, 2021 motion, Mr. King had not requested to proceed pro se and was still represented by Assistant Federal Public Defender Thomas Livingston. Defense counsel properly filed a motion requesting an extension of the trial deadlines, providing reasons, and contemplating that the time from the Court's ruling on that motion through the newly scheduled trial date warranted exclusion under the Speedy Trial Act. ECF Nos. 40, 40-1. The Court's Order granting that request, in turn, properly cited to the Speedy Trial Act, and provided specific reasons for granting the request. *See United States v. Reese*, 917 F.3d 177, 182 (3d Cir. 2019) (the district court must include the factual basis for excluding time under the Speedy Trial Act). Specifically, the Court reasoned that whether Mr. King's then-current counsel remained on the case, or whether new counsel was appointed, the ends of justice served by the continuance outweigh the best interest and the public and the defendant in a speedy trial pursuant to 18 U.S.C. § 3161(h)(7)(A). The Court's order excluding time also specifically considered the factors set

22

forth in 18 U.S.C. § 3161(h)(7)(B), and found that failing to grant the continuance would be likely to result in a miscarriage of justice pursuant to § 3161(h)(7)(B)(i).  Finally, the Court concluded that failing to grant this extension would deny the defendant reasonable time to obtain counsel or would deny counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence pursuant to § 3161(h)(7)(B)(iv).  *See* ECF No. 42.

The Court recognized that Mr. King was having challenges with his current counsel as of October 13, 2021, and had scheduled a hearing to resolve that issue to take place on October 19, 2021.  The Court also recognized that additional time would be necessary following that hearing for the case to be prepared for trial, whether Mr. Livingston remained as counsel or withdrew. Indeed, at the time Court had not yet determined whether Mr. Livingston would continue representing Mr. King, or whether there was good cause to appoint new counsel, but in either event, more time to prepare for trial would be necessary.  Defense counsel's motion indicated that if the Court found he should continue to represent Mr. King, he would need more time to prepare for trial because he had not yet developed a working relationship with Mr. King sufficient to permit appropriate trial preparation.  On the other hand, if new counsel was appointed, that person would need time to learn the case and develop a relationship with Mr. King.

In summary, the Court properly relied on defense counsel's motions at ECF Nos. 39 and 40 and the reasons therein, but the Court's decision to exclude time also would have been proper under 18 U.S.C. § 3161 (h)(7)(A), sua sponte, based on the Court's articulated findings in its Order regarding the ends of justice.  *United States v. Brooks*, 697 F.2d 517, 520 (3d Cir. 1982) (noting "the district court may grant [an ends of justice] continuance sua sponte" so long as it articulates its reasons for doing so on the record).  For all of these reasons, Mr. King's challenge to the October

14, 2021 Order lacks merit, and the time from the filing of the October 13, 2021 motion through January 18, 2022 was properly tolled under the Speedy Trial Act.[10, 11] Thus, as of January 18, 2022, a total of eleven days had elapsed on the speedy trial clock.

### c.   January 19, 2022 Through March 14, 2022

Mr. King has objected to a January 18, 2022 motion for extension of time to file pretrial motions, submitted by his then-counsel Mr. Ovens. ECF No. 57. The Court granted that motion on January 19, 2022, and excluded the time from January 18, 2022, through February 17, 2022, under the Speedy Trial Act. ECF No. 59. Because Mr. King now objects to that counseled motion and to the Court's resulting exclusion of time through February 17, 2022, the Court finds that the time from January 19, 2022,[12] through February 17, 2022, (thirty days) is not excluded under the Speedy Trial Act. By this point, a total of forty-one days had elapsed on the speedy trial clock.

Mr. King has also objected to a February 18, 2022 joint motion by the United States and then-defense counsel, requesting a two-day extension for the parties to finalize certain pretrial filings. ECF No. 63. The Court granted that motion the day it was filed, February 18, 2022. ECF No. 64. Thus, February 18, 2022 is properly excluded for Speedy Trial purposes. However, even if the Court does not exclude that day in light of Mr. King's current objection, his July 2022 trial

---

[10] The time from October 14, 2021 through October 21, 2021 is independently excludable based on the October 14, 2021 filing of defense counsel's motion to withdraw, ECF 39, and the Court's October 21, 2021 ruling on that motion, ECF No. 47. However, this exclusion is not necessary to the Speedy Trial Act analysis because the Court properly and separately excluded the time from October 14, 2021 through January 18, 2022, as documented in the Court's October 14, 2021 Order, ECF No. 42.

[11] Mr. King has objected to a December 2, 2021 status report and December 3, 2021 Motion to reinstate his right to file pretrial motions, filed by his then-counsel. ECF Nos. 51, 52. The Court ruled on the motion on December 4, 2021. ECF No. 54. That objection, even if the Court were to presume it meritorious for purposes of the Speedy Trial analysis does not impact the speedy trial clock here, because the Court properly and separately excluded the time from October 13, 2021 through January 18, 2022, based on the October 13, 2021 motions, ECF Nos. 39, 40, as documented in the Court's October 14, 2021 Order, ECF No. 42.

[12] As previously discussed, January 18, 2022 is properly excluded as the last day of the exclusion period authorized by the Court's October 14, 2021 Order, ECF No. 42.

24

would still have been timely.  Thus, the Court will assume that February 18, 2022 elapsed for Speedy Trial purposes.  Accordingly, by this point, a total of forty-two days had elapsed on the speedy trial clock.

February 19 through February 23, 2022 were not excludable under the Speedy Trial Act. By this point, a total of forty-seven days had elapsed on the speedy trial clock.

The Speedy Trial Act was tolled on February 24, 2022 due to the United States' motions in limine, ECF Nos. 71,72, through the Court's March 3, 2023 ruling on those motions, ECF No. 82.[13, 14]  *See Adams*, 36 F.4th at 151.

March 4 through March 14, 2022 were not excludable under the Speedy Trial Act.  By this point, a total of fifty-eight days had elapsed on the speedy trial clock.

### d.  March 14, 2022 Through July 5, 2022

The clock was then properly tolled from March 15, 2022 through July 5, 2022, when Mr. King's jury trial began.  Specifically, on March 15, 2022, the Court convened the final pretrial conference for the then-scheduled March 21, 2022 trial date.  During the March 15th final pretrial conference, Mr. King requested to represent himself.  *See* ECF No. 98.  The Court conducted a full *Peppers* colloquy and found Mr. King competent to waive his right to counsel and to represent

---

[13] Mr. King has objected to a February 28, 2022 motion for extension of time for trial-related deadlines, filed by his then-counsel. ECF No. 75.  That motion requested a two day extension of time, from February 28, 2022 to March 2, for defense counsel to respond to the United States' February 24, 2022 motions in limine.  *Id.*  The Court ruled on the motion the same day it was filed, February 28, 2022.  ECF No. 76.  Mr. King's objection, even if the Court were to presume it meritorious for purposes of the Speedy Trial analysis does not impact the speedy trial clock here, because the Court properly and separately excluded the time from the filing of the United States' February 28, 2022 motions in limine through the Court's March 3, 2022 ruling on those motions.  *See Adams*, 36 F.4th at 151 (the time from the date of filing a motion in limine until the district court's resolution should be excluded under the Speedy Trial Act).

[14] The United States calculated a total of fifty-eight days had elapsed on the speedy trial clock, which differs from this Court's finding of sixty days.  ECF No. 331 at 35–36.  However, the United States did not include March 2, 2022 and March 3, 2022 in its calculation, which are properly excluded given the United States' filing of motions in limine on February 24, 2022 and the Court's resolution of said motions on March 3, 2022.  *See Adams*, 36 F.4th at 151 (the time from the date that the government files a motion in limine until the district court's resolution of it is excluded under the Speedy Trial Act).

himself. *See id.* To allow Mr. King to prepare for trial pro se, and because Mr. King declined to agree to certain stipulations of fact previously entered into by his then-counsel, trial of this case was reset to begin on July 5, 2022. *See* ECF Nos. 100, 101.

Also on March 15, 2022, the Court issued an order excluding the time period from March 15, 2022 to the July 5, 2022 trial date under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A). ECF No. 101. The Court included in its written order specific citations to the Speedy Trial Act as well as specific written findings supporting the ends-of-justice extension. *See supra* at 4–5; *Reese*, 917 F.3d at 182; *Brooks*, 697 F.2d at 520.

Mr. King now challenges the Court's March 15, 2022 Order excluding time from March 15, 2022 through July 5, 2022, on the ground that it contributed to a "'coerced choice'" for Mr. King "to either proceed to trial with stipulations entered in by counsel that was forced onto [Mr. King], or to continue [his] trial to give the government enough time to locate their custodians." ECF No. 318 at 2; *see also* ECF No. 323.

As a threshold matter, the United States responds that, on remand, the Court should not consider Mr. King's objection to the continuance of his trial date or his assertion that he would have handled this proceeding differently. That is because Mr. King was already representing himself during the portion of the March 15, 2022 court proceeding when the parties discussed continuing the trial date and excluding that time under the Speedy Trial Act. The Court agrees with the United States that Mr. King was representing himself at this time and therefore he cannot argue that he would have handled this proceeding differently from his counsel.

But even if the Court considers Mr. King's challenge to the March 15, 2022 Order continuing his trial date, the Court finds that the exclusion of time from March 15, 2022 through July 5, 2022 was proper. First, Mr. King did consent to the exclusion of time on the record during

26

the March 15, 2022 hearing after he had been authorized to represent himself. ECF No. 278 at 48:1–49:25. Second, to the extent he now contends that his consent was somehow coerced, which the Court does not find to be accurate, the Speedy Trial Act permits a Court to exclude time sua sponte for an "ends of justice" continuance when it has made the requisite findings under the statute. *Brooks*, 697 F.2d at 520.

Here, the Court's Order excluding time did make appropriate findings. The Court cited to the Speedy Trial Act and provided specific reasons for the exclusion of time through the new trial date, including that because of Mr. King's disagreement with counsel over pretrial stipulations and his desire to proceed pro se, the ends of justice served by the continuance outweigh the best interest and the public and the defendant in a speedy trial. The Court specifically considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B), and found that failing to grant the continuance of the trial date would be likely to result in a miscarriage of justice per § 3161(h)(7)(B)(i) in light of Mr. King's request to withdraw from trial stipulations and proceed pro se, and would deny Mr. King reasonable time necessary for effective preparation, taking into account the exercise of due diligence, per § 3161(B)(iv). *See* ECF No. 101. The Court properly relied on Mr. King's consent, but the Court's decision to exclude time also would have been proper under 18 U.S.C. § 3161(h)(7)(A) even on the court's own motion, based on the Court's articulated findings in its order regarding the ends of justice. *See Brooks*, 697 F.2d at 520. For all of these reasons, Mr. King's challenge to the March 15, 2022 order continuing the trial date lacks merit, and the time from March 15, 2022, through July 5, 2022 was properly excluded under the Speedy Trial Act.[15]

---

[15] Certain segments within the period of March 15, 2022 through July 5, 2022 may be properly excludable for other independent reasons, but the court has not itemized those as they are not necessary to the Court's conclusion that Mr. King's trial remains timely.

In conclusion, the Court determines that, at most, 58 days elapsed on the speedy trial clock, such that Mr. King's July 5, 2022 trial would have been timely even taking into consideration his objections to certain counseled filings between October 19, 2021 and March 15, 2022.[16]

## III.   CONCLUSION

For the foregoing reasons, the Court respectfully submits that Mr. King is not entitled to a new trial under the Sixth Amendment and that his July 2022 trial remains timely under the Speedy Trial Act.

DATED this 22nd day of June, 2023.

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record

cc (via United States Mail):

Roderick King
USMS 45404-509
NEOCC
2240 Hubbard Rd.
Youngstown, OH 44505

---

[16] Because the Court has determined that Mr. King's July 5, 2022 trial would have been timely even taking into consideration his objections to certain filings discussed herein, the Court has not discussed what remedy the Court would order had the trial not been timely.