IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.                                                    Criminal No. 21-184

RODERICK KING

**UNITED STATES' RESPONSE TO DEFENDANT'S PRO SE MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255**

Following an unsuccessful appeal, Defendant Roderick King has filed a motion under 28 U.S.C. § 2255 collaterally attacking his conviction and sentence and requests that this Court grant "any other relief to which movant may be entitled." Doc. 345 (the "Motion"), p. 28. He is entitled to none. King was lawfully convicted by a jury for child sex trafficking and for producing two videos of his sexual exploitation of the same child, and he was rightfully sentenced to 444 months' imprisonment, which will keep him locked away until he is an old man.

Unsurprisingly, King continues to try to play the victim. But victim he is not. King has no one to blame for the outcome of his case but himself. After all, it was what King did and what he said that caused the minor victim to report him and brought him to the attention of law enforcement, that resulted in a grand jury charging him, that resulted in a jury convicting him and that resulted in this Court imposing a substantial sentence of imprisonment. Moreover, it was what King did (or didn't do) and what King said (or didn't say), after unwisely choosing to represent himself, that caused him to forfeit or waive nearly every issue that he raised on appeal and now brings before this Court. As undersigned counsel's colleague on appeal aptly noted, "this case proves the adage that a defendant who 'represents himself has a fool for a client.'"

After being rejected by the Third Circuit and the Supreme Court, King continues to pursue the same frivolous arguments and allegations that he has made from the outset of this case. Although it is tempting to rebuff King's blatant mischaracterization of the evidence, the

prosecution will not waste its or this Court's time in doing so—that is, unless necessary to address any substantive matter. But there is little substance to his Motion. King lists six (6) grounds[1] for relief and raises a series of additional issues therein. *See Id.* at pgs. 8, 14, 17, 21, 25, 27. But, as discussed herein, King's arguments are procedurally defaulted and/or are barred from further consideration because they were previously litigated on appeal. To that end, the United States does not address the merits of his claims. If this Court were to determine that King *has* preserved his claims *and* that they were not litigated on appeal—which it should not—the United States respectfully requests an opportunity to address the merits of his arguments.

## I.  FACTUAL AND PROCEDURAL HISTORY

### A.  The District Court Proceedings[2]

On April 27, 2021, a federal grand jury sitting in the Western District of Pennsylvania returned a three-count indictment against King, charging him with Sex Trafficking of a Child and Attempted Sex Trafficking of Child, in violation of 18 U.S.C. §§ 1591(a)(1), 1592(b)(2), and 1594(a), at Count One, and Production of Material Depicting the Sexual Exploitation of a Minor, in violation of 18 U.S.C. § 2251(a), at Counts Two and Three. *See* Doc. 1.

---

1.  The United States initially identified 21 issues; however, upon further review, those were the issues King raised in his Petition for Certiorari with the Supreme Court (*see* Motion, pps. 5-7, which addresses the question in this District's form for a Motion to Vacate, Set Aside, or Correct a Sentence (AO 243) on page 3, Question 9(g): "Did you file a petition for certoriari in the United States Supreme Court…(5) Grounds raised").

2.  All citations to documents filed at the District Court, in the above-captioned case, shall be referred to as "Doc." All citations to documents filed with the Third Circuit at Case No. 22-3095 shall be referred to as "Appeal Doc." All citations to documents filed with the Supreme Court at Case No. 24-7018 shall be referred to as "Supreme Ct. Doc."

On June 10, 2021, King made his initial appearance and was arraigned. *See* Docs. 13, 14. King pled not guilty, waived his right to a detention hearing and the Court granted the United States' request for detention, ordering King to remain detained pending trial. *See* Doc. 19.

King was represented by counsel—first, Assistant Federal Public Defender Thomas Livingston and then, Michael Ovens, Esq.—from his initial appearance until March 15, 2022. *See* Docs. 15 (Appointing T. Livingston), 46 (Appointing M. Ovens).

At a final pretrial conference on March 15, 2022, King sought to withdraw pretrial fact stipulations which had been entered into by his counsel and the prosecution and further requested the withdrawal of Attorney Ovens as his counsel and to proceed pro se. *See* Doc. 98. During the pretrial conference, the Court found King competent to waive his right to legal representation, found that King knowingly, freely, and voluntarily waived that right, and permitted King to proceed pro se, with Attorney Ovens serving as stand-by counsel. *See Id.* The same day, the Court issued a Final Pretrial Order, scheduling the case for a jury trial on July 5, 2022. *See* Doc. 100.

### *King's Pre-Trial Motions*

Proceeding pro se, King filed numerous pretrial motions, including: Motion for Additional Discovery (Doc. 104)[3], Motion to Suppress Alleged Victim Out of Court Identification of the Defendant (Doc. 106), Motion to Dismiss Criminal Complaint (Doc. 108). Motion to Dismiss Indictment (Doc. 112), Motion for Additional Discovery (Doc. 115), Motion to Dismiss Due to Speedy Trial Act Claims (Doc. 125), Motion for Pre-Trial Determination of Authentication of Snapchat Records (Doc. 158), and Motion to Compel Court Order for Jail Calls (Doc. 159).

---

3.    The Court initially denied this Motion, directing King to confer with counsel for the United States as required by the Court's Local Rules.

The United States opposed each of King's Motions. *See* Docs. 111 (Response in Opposition to 106), 114 (Response in Opposition to 108), 117 (Response in Opposition to 112), 126 (Response in Opposition to 115), 137 (Response in Opposition to 125), 163 (Response in Opposition to 159), 164 (Response in Opposition to 158). And the Court denied most of King's Motions. *See* Doc. 118 (Opinion)(denying 106, 108, 112), 131 (Text Order)(denying 115), 149 (Text Order)(denying 125). By way of its Opinion and Order on various trial-related motions filed by the parties, the Court also denied without prejudice King's Motion for Pretrial Authentication of Snapchat Records (Doc. 158) and denied King's Motion to Compel Court Order for Jail Calls (Doc. 159). *See* Doc. 176.

### *King is Convicted by a Jury*

On July 5, 2022, trial in this matter commenced and concluded on July 8, 2022. *See* Doc. 189. King represented himself throughout the trial with Attorney Michael Ovens as standby counsel. After the United States rested, King moved for judgment of acquittal, but the District Court denied the motion. King did not testify or present a defense. King also represented himself at the charge conference, accepted jury instructions, the verdict form and gave his own closing argument. On July 8, 2022, the jury returned a verdict of guilty at each of Counts One, Two and Three. *See* Doc. 190.

### *King's Post-Trial Motions*

After trial, King filed a series of additional pleadings with the Court, including: Motion to Dismiss Indictment for Rules Violations/Illegal Detention (Doc. 193), Motion for Judgment of Acquittal (Doc. 195), Motion to Compel Pretrial Services Report (Doc. 199), Motion to Compel All Prisoner Remands (Doc. 200), Motion for Court Order that Changed Defendant's Status to a Federal Pre-Trial Detainee (Doc. 201), and Omnibus Post-Trial Motion Requesting Documents

4

(Doc. 207).  The United States opposed these motions (Docs. 197, 211) and the Court denied them (Docs. 198, 212).

### *King's Post-Trial, Pre-Sentence, Motions*

Defendant King, prior to sentencing, filed additional pleadings that he titled "Notices," including: Notice that the Government Unlawfully Held Defendant in Custody (Doc. 237), Notice that the Government was Untruthful about where the Jail Calls were Obtained (Doc. 238), Notice that the Government Possibly Violated Fed. R. Evid. 704(b) (Doc. 239), Notice that the Government Created Fake Certificate of Authenticity Forms (Doc. 240), Notice that the Government's Investigation was Tainted (Doc. 242), and Notice that the Trial Judge Violated Defendant's Speedy Trial (Doc. 249).  The United States responded to the Notices (Docs. 252, 254) and the Court denied King's Notices to the extent they were Motions (Docs. 259, 260).

### *King is Sentenced*

On December 16, 2022, King appeared for sentencing.  Again, representing himself.  King proclaimed himself "innocent," criticized the investigation, insisted the prosecution "ha[d] to break state and federal laws to convict me," and complained that no Cellebrite report existed.  The Court imposed a below-Guidelines terms of imprisonment—a total of 444 months—and lifetime supervised release.  *See* Doc. 283 (Judgment).

**B.    The Third Circuit Proceedings**

Because King had filed interlocutory appeals prior to the District Court entering a Judgment and Commitment Order, the Third Circuit stayed King's appeal and permitted his appeal to proceed following the judgment and commitment order being entered.  *See* Appeal Doc. 4 (Hashagen Order).  The Third Circuit also permitted him to represent himself.  *See* Appeal Docs.

3 (Third Circuit Notice re Proceeding Pro Se), 9 (Waiver of Counsel), 13 (Order Permitting King to Proceed Pro Se).

In January 2023, King filed a handwritten opening brief, which listed thirty-three (33) issues. *See* Appeal Doc. 21. Among the issues King raised were an alleged Sixth Amendment violation stemming from the district court's failure to take up promptly his request to represent himself in October 2021, as well as speedy-trial claims. On the motion of the United States, in May 2023 the Third Circuit ordered a limited remand to determine whether King was entitled to a new trial based on the Sixth Amendment and statutory speedy-trial issues. *See* Appeal Doc. 36. On remand, the District Court issued a written opinion in June 2023 in which it ruled that no new trial was warranted. *See* Doc. 228.

Also in June 2023, King filed an Informal Brief containing 30,000 to 35,000 words with nineteen (19) enumerated issues. *See* Appeal Doc. 39. In August 2023, the Third Circuit resumed full jurisdiction, struck the 33-issue brief King had filed in January 2023, and ordered the United States to respond to the 19-issue Informal Brief instead. *See* Appeal Doc. 44.

On November 15, 2023, the United States filed its responsive brief. *See* Appeal Doc. 53. On January 25, 2024, King filed a Reply Brief. *See* Appeal Doc. 77. Thereafter, on March 27, 2024, the Third Circuit advised the parties that it would decide the appeal on the briefs and no oral argument would be held. *See* Appeal Doc. 85. On August 21, 2024, the Third Circuit issued its not precedential opinion on the matter, decided by Circuit Judges Thomas M. Hardiman, David Brooks Smith and D. Michael Fisher. *See* Appeal Doc. 89. The Court affirmed the Judgment. *See* Appeal Doc. 90.

On September 15, 2024, King filed an 18-page Petition for Rehearing. *See* Appeal Doc. 94. On October 28, 2024, the Third Circuit denied King's Petition, advising:

> The petition for rehearing filed by Appellant in the above-entitled case having been submitted to the judges who participated in the decision of this Court and to all the other available circuit judges of the circuit in regular active service, and no judge who concurred in the decision having asked for rehearing, and a majority of the judges of the circuit in regular service not having voted for rehearing, the petition for rehearing by panel and the Court en banc is denied.

*See* Appeal Doc. 98.  Then, on November 5, 2024, the Third Circuit's Mandate was issued in which it ordered that the District Court's Judgment was affirmed.  *See* Appeal Doc. 99-1.  In February 2025, King filed a Motion for Reversal based on the Third Circuit's Erroneous Limited Remand.  *See* Appeal Doc. 100.  But the Third Circuit advised King that any further review must be sought by the Supreme Court.  *See* Appeal Doc. 101.

**C.      The Supreme Court Proceedings**

On December 19, 2024, King's Petition for Writ of Certiorari and Motion for Leave to Proceed in Forma Pauperis was filed with the Supreme Court.  *See* Supreme Ct. Doc. No. 1.  On May 19, 2025, his Petition was denied.  *Id.* at Doc. No. 4.

## II.      LEGAL STANDARD

A prisoner in federal custody may move to vacate, set aside, or correct a sentence only on the basis that: (i) "the sentence was imposed in violation of the Constitution or laws of the United States"; (ii) "the court was without jurisdiction to impose such sentence"; (iii) "the sentence was in excess of the maximum authorized by law"; (iv) the sentence "is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).

An initial Section 2255 motion must be filed within one year after the date the conviction became final, the date the Supreme Court initially recognized the basis for the claim, or the date the facts supporting the claim became (or reasonably could have become) known.  28 U.S.C. § 2255(f).  If a petitioner does not appeal, his conviction becomes final upon the expiration of the

period for filing a timely notice of appeal, i.e., 14 days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A).

"As a collateral challenge, a motion pursuant to [§ 2255] is reviewed much less favorably than a direct appeal of the sentence." *United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014) (citing *United States v. Frady*, 456 U.S. 152, 167-68 (1982)). Indeed, "relief under § 2255 is available only when the claimed error of law was a fundamental defect which inherently results in a complete miscarriage of justice and . . . present[s] exceptional circumstances where the need for the remedy afforded by the writ . . . is apparent." *Id.* at 288 (internal quotation marks omitted) (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)).

It is the petitioner's burden to set forth adequate facts to establish that they are entitled to relief, and failure to do so is fatal. *See, e.g., LeCroy v. United States*, 739 F.3d 1297, 1321 (11th Cir. 2014) ("the burden of proof ... on a § 2255 petition belongs to the petitioner"); *Wilkins v. United States*, 754 F.3d 24, 28 (1st Cir. 2014) (same); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961) ("Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing," much less relief); *Short v. United States*, 504 F.2d 63, 65 (6th Cir. 1974) (holding that if "claims are stated in the forms of conclusions without any allegations of fact in support thereof," a § 2255 motion is "legally insufficient").

Additionally, a petitioner must have preserved a claim raised in Section 2255 motion in both the district court and on direct appeal. If a defendant fails to do so, he has procedurally defaulted and thereby waived the claim. *United States v. Frady*, 456 U.S. 152, 168 (1982)(failure to raise an issue in district court and on appeal results in the preclusion of the right to do so on a collateral attack); *see e.g. United States v. Jones*, 2009 WL 763566, at *3 (W.D. Pa. Mar. 23, 2009)(declining to consider the merits of an issue because defendant did not raise it on appeal).

And a district court cannot entertain a procedurally defaulted claim unless the defendant proves either: (1) cause and actual prejudice; or (2) actual innocence. *Id.*, at 170.

To show "cause," the defendant must prove that "some objective factor external to his defense" impeded his ability to raise the constitutional issue earlier. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). The Supreme Court has reiterated that "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." *Bousley v United States*, 523 U.S. 614, 623 (1998) (internal quotation marks omitted) (*quoting Engle v. Isaac*, 456 U.S. 107, 130 n.35 (1982)).

Actual prejudice exists when the error "worked to his actual and substantial disadvantage." *Frady*, 456 U.S. at 170. And a defendant's burden for his collateral attack is even greater than the "plain error" standard applicable to forfeited claims on direct appeal. *Id*. at 166. In the absence of "cause" and "actual prejudice," a defendant must prove his "actual innocence," which means factual innocence, not mere legal insufficiency. *Bousley*, 523 U.S. at 620-23.

Moreover, the Third Circuit has long held that a petitioner is not permitted to use Section 2255 to relitigate questions which were raised and considered on direct appeal. *See United States v. DeRewal*, 10 F.3d 100, 105, n. 4 (3d Cir. 1993); *Sonneberg v. United States*, 2003 WL 1798982, (3d Cir. 2003) ("It is well settled that a petitioner generally may not relitigate issues that were decided adversely to him on direct appeal by means of a Section 2255 petition"); *Government of the Virgin Islands v. Nicholas*, 759 F.2d 1073, 1074 (3d Cir. 1985) (A motion under 28 U.S.C. § 2255 cannot be used to relitigate matters that were raised on direct appeal); *Konigsberg v. United States*, 418 F.2d 1270, 1273 (3d Cir. 1969) ("Where a federal court had an opportunity to consider the merits of the contention it is within the discretion of the § 2255 court whether or not to relitigate the issue"). Accordingly, district courts within the Third Circuit have routinely denied motions

9

brought pursuant to Section 2255 where the grounds raised in a Section 2255 motion were "raised and resolved at trial" and "raised and reviewed in the appellate court." *See e.g. United States v. Sanford*, 2010 WL 11507821, at *4 (W.D. Pa. Sept. 30, 2010) (internal citations omitted).

"There are four exceptions to this rule: '1) newly discovered evidence that could not have reasonably been presented at the original trial, 2) a change in applicable law, 3) incompetent prior representation by counsel, 4) or other circumstances indicating that an accused did not receive full and fair consideration of his federal constitutional and statutory claims.'" *Sanford*, 2010 WL 11507821, at *4 (internal citations omitted).

If a Court determines that a petitioner has established a cognizable ground for relief, the language of the statute authorizes a district court, in its discretion, to choose one of four forms of relief "as may appear appropriate" to resolve a meritorious § 2255 claim: discharge the prisoner, resentence him, grant a new trial, or correct the sentence. 28 U.S.C. § 2255(b); *see also Ajan v. United States*, 731 F.3d 629, 634 (6th Cir. 2013) (noting the "discretion to choose from any of the four enumerated § 2255 remedies); *United States v. Hadden*, 475 F.3d 652, 661, 668 (4th Cir. 2007) (describing the remedies under § 2255 as "broad and flexible"); *United States v. Bryant*, 246 F.3d 650, 654 (6th Cir. 2001) (same). Such discretion regarding remedies necessarily stems from the diverse types of claims which may be litigated on collateral review, and the appropriateness of a given remedy likewise turns upon the reason the § 2255 claim was deemed meritorious. Not all the enumerated types of relief apply to every case. For example, "in cases where the sentence (but not the conviction) is infirm, only the 'resentenc[ing]' or 'correct[ing] the sentence' options are open to the district court, since a prisoner should never be 'discharge[d]' or 'grant[ed] a new trial' based solely on a defective sentence." *United States v. Torres-Otero*, 232 F.3d 24, 30 (1st Cir.

2000). One of the primary considerations in selecting an appropriate remedy under § 2255 is the quest to put a petitioner in the position they would have been in, but for the error warranting relief.

### III.    ANALYSIS

As an initial matter, regarding timeliness, Section 2255(f)(1) requires that a habeas motion be filed within one year of the date on which the conviction became "final." Relevant here, a defendant's judgment becomes final "on the date the Supreme Court denies certiorari" or "on the date the time for filing a timely petition for a writ of certiorari expires." *Kapral v. United States*, 166 F.3d 565, 572 (3d Cir. 1999) (internal citations omitted). King's Petition for a Writ of Certiorari was denied on May 19, 2025. *See* Supreme Ct. Doc. No. 4. The same day—May 19, 2025—King placed his Motion in the prison mailing system. *See* Motion, p. 28. Thus, King's Motion is timely, and the Court should proceed to decide his Motion.

Despite filing a timely motion, as will be discussed below, King has completely ignored his procedural default on several claims. That is, some of King's asserted grounds for relief have not been preserved at *both* the district court level *and* on appeal. Specifically, Grounds #1, #3 (in part), #4, #5 and #6 were not preserved at the district court level. Further, by King's own admission, Gound #6 was not raised on appeal and, thus, has been doubly defaulted. King's failure to preserve these grounds is, standing alone, a sufficient basis to dismiss his Motion.

Additionally, King, also by his own admission, alleges several grounds for relief that were already litigated on appeal. *See* Motion at p. 13 (regarding Ground #1, King states: "Petitioner did in fact raise this issue in his direct appeal"), p. 16 (regarding Ground #2, same); p. 21 (regarding Ground #3, same); p. 24 (regarding Ground #4, same); p. 26 (regarding Ground #5, same), p. 27 (regarding Ground #6, King asserts he "mentioned [this claim] within his 'insufficiency of evidence for count one claim'" on appeal). Consistent with Third Circuit precedent, these grounds

11

for relief cannot be relitigated under Section 2255 and provides another basis for this Court to deny his Motion. *See e.g.* Sanford, 2010 WL 11507821, at \*5; *United States v. Potter*, 2023 WL 1996695, at \*13 (W.D. Pa. Feb. 14, 2023); *United States v. Jones*, 2009 WL 763566, at \*2 (W.D. Pa. Mar. 23, 2009).

**A.    Ground #1 has Been Procedurally Defaulted and is Barred from Further Litigation and King Offers No Basis for which the Court can Consider the Merits of His Claims.**

As to Ground #1, King claims "the Government and Homeland Security violated [King's] Fourteenth Amendment right to due process by deliberately fabricating evidence during their investigation, in discovery documents, and at trial." *See* Motion at pp. 8-13 (cleaned up). He takes specific issue with a purportedly "fabricated" Child Protective Services Report, a purportedly "fraudulent" consent to search form for the Minor Victim's phone, and a purportedly "sham" device where investigators allegedly "plant[ed]" child sexual abuse material" *Id.* Further, he alleges that the prosecution "breached" his Snapchat account without a warrant. *Id.* at 11.

*Procedural Default*

As it did on appeal, the United States construes King's assertions as an allegation of "outrageous government conduct." *See* Appeal Doc. 30, p. 4, n. 3. But such claim must have been raised before trial. Fed. R. Crim. P. 12(b)(3)(A); *United States v. Pitt*, 193 F.3d 751, 760 (3d Cir. 1999), *abrogated on other grounds by Honeycutt v. United States*, 581 U.S. 443, 448 (2017). King failed to do so. And the Third Circuit agreed. Indeed, it held that King did not preserve the issue of outrageous government conduct at the district court level, stating: "[t]he record establishes that although King questioned the authenticity of various documents and the credentials of government officials before trial, he did not assert a due process claim of outrageous conduct." *See* Appeal Doc. 89, p. 14. Thus, this claim is procedurally defaulted. Because King does not provide any

12

excusable cause for his default *and* that he suffered actual prejudice *or* prove his actual innocence, this Court should not consider the merits of this claim.

### *Barred from Re-litigation*

Additionally, because the arguments underlying Ground #1 were already litigated on appeal, this Court need not address the merits of Ground #1 and can deny King's Motion on this issue. Further, none of the exceptions to the bar against re-litigation are applicable to this claim. That is, King does not assert any newly discovered evidence, there has been no change in the law, he does not and cannot claim ineffective assistance of counsel because he represented himself before this Court and on appeal, and he received full and fair consideration of his purported constitutional claims.

**B.    Ground #2 was Preserved but is, Regardless, Barred from Further Litigation and King Offers No Basis for which the Court can Consider the Merits of His Claims.**

As to Ground #2, King claims "the Government violated *Brady v. Maryland* when it failed to produce the phone extraction report of the said Minor Victim's cell phone; Petitioner requested this report in a pretrial motion under Rule 16(A)(l)(E)." *See* Motion at pp. 14-16 (cleaned up). Although King did preserve this claim[4] at the district court level (and on appeal), the Third Circuit

---

[4] In May 2022, King complained that his discovery did "not contain a Cellebrite report" of Emily's iPhone 11. He was repeatedly told, however, no *Cellebrite* report was ever created. The United States did, however, provide an extraction report for the Minor Victim's cell phone. This did not satisfy King. The United States consistently advised the Court that King was provided with all of his statements with the Minor Victim, obtained from her cell phone, but that it would not provide him with a full extraction of the Minor Victim's cell phone. *See* Doc. 126, pp. 13-14 (Response to King's Motion for Additional Discovery (Doc. 115)(stating, "Defendant King has been provided with any of his statements obtained from the Minor Victim's cell phone. To the extent Defendant King is seeking the full extraction report of the Minor Victim's cell phone, which may constitute *Jencks* material and is outside of the scope of Rule 16, the request should be denied as premature at this time."); Doc. 234 (Trial Transcript), pp. 79-80 (discussing King accessing discovery, including Axiom reports).

dispensed with it swiftly, calling his "suggestion" that the prosecution violated Rule 16 "frivolous." *See* Appeal Doc. 89, p. 25-26 (internal citations omitted).

Consequently, because the arguments underlying Ground #2 were already litigated on appeal, this Court need not address the merits of Ground #2 and can deny King's Motion on this issue. Further, none of the exceptions to the bar against re-litigation are applicable to this claim. That is, King does not assert any newly discovered evidence, there has been no change in the law, he does not and cannot claim ineffective assistance of counsel because he represented himself before this Court and on appeal, and he received full and fair consideration of his purported constitutional claims.

**C.     Ground #3 has Been Partially Preserved but is, Regardless, Barred from Further Litigation and King Offers No Basis for which the Court can Consider the Merits of His Claims.**

As to Ground #3, King claims "the District Court simultaneously violated my Sixth Amendment right to self-representation, my speedy trial, and my Interstate Agreement on Detainers Act." *See* Motion at pp. 17-21 (cleaned up).

### *Procedural Default*

King's Sixth Amendment, Speedy Trial Act (STA) and Interstate Agreement on Detainers Act (IADA) violations were preserved at the district court level and as will be discussed in the

---

After all, the Minor Victim's iPhone contained data that was irrelevant, CSAM, *see* 18 U.S.C. §3509(m), or implicated ongoing investigations into other minor victims, *see* Fed. R. Crim. P. 16(d)(1); thus, exempting that data from discovery. The United States did, however, show King every image of him (with or without the Minor Victim) on that iPhone, as well as every communication between him and the Minor Victim. Moreover, at trial, King acknowledged that the contents of the Minor Victim's iPhone were voluminous[4] and stated: "I'm not asking for all of the files, as I know that would be a large amount. What I'm asking for is a report stating that [...] the phone was extracted with the identification number and basically like the results, like a cover sheet, and results showing which day the extraction started and so forth." *See* Doc. 233 (Trial Transcript), p. 101. But, King received that report before trial.

following section, King raised these issues on appeal as well.  King did not, however, preserve his constitutional speedy-trial claim at the district court level.  And the Third Circuit agreed, stating "[t]he Government correctly points out that King raised his constitutional speedy trial claim for the first time on appeal[.]"  *See* Appeal Doc. 89, p. 9-10, n. 8.  Thus, King's constitutional speedy trial claim is procedurally defaulted.  Because King does not provide any excusable cause for his default *and* that he suffered actual prejudice *or* prove his actual innocence, this Court should not consider the merits of that specific claim.

### *Barred from Re-litigation*

Regarding Ground #3, the Third Circuit dispensed with all of these arguments on appeal. First, the Third Circuit "conclude[d] that the District Court's delay in allowing King to proceed pro se did not deprive him of his Sixth Amendment right to self-representation given the circumstances."  *See* Appeal Doc. 89, pp. 7-8.  Second, it "discern[ed] no violation under either" the Sixth Amendment or the Speedy Trial Act, regarding King's right to a speedy trial.  *Id.* at pp. 8-11.  Lastly, regarding the Interstate Agreement on Detainers Act, it "reject[ed] King's assertion that his rights under the IADA were violated."  *Id.* at pp. 12-13.

Consequently, because the arguments underlying Ground #3 were already litigated on appeal, this Court need not address the merits of Ground #3 and can deny King's Motion on this issue.  Further, none of the exceptions to the bar against re-litigation are applicable to this claim. That is, King does not assert any newly discovered evidence, there has been no change in the law, he does not and cannot claim ineffective assistance of counsel because he represented himself before this Court and on appeal, and he received full and fair consideration of his purported constitutional claims.

15

**D.    Ground #4 has Been Procedurally Defaulted and is Barred from Further Litigation and King Offers No Basis for which the Court can Consider the Merits of His Claims.**

As to Ground #4, King claims "the District Court violated Petitioner's Fourteenth Amendment right to due process when it convicted Petitioner on insufficient evidence for Count l of sex trafficking and attempted sex trafficking of a minor." *See* Motion at pp. 21-24 (cleaned up). King asserts that "taking everything into account, the evidence for count one was insufficient, constructively amended, and also violated my right to a unanimous jury verdict." *Id.* at 24.

### *Procedural Default*

As to the sufficiency of the evidence for Count One, King's only preserved sufficiency of the evidence claim at the district court level is whether the evidence was sufficient to prove the interstate commerce element. *See* Appeal Doc. 89, p. 21-22, n. 14. On appeal, however, King conceded that the testimony presented at trial satisfied that element. *Id.* (stating, "Although King's Rule 29 motion at trial took issue with whether the Government satisfied the interstate commerce element, he now concedes that this element was satisfied by Agent Colemen's testimony."). Thus, his challenge to the interstate commerce element of Count One was not preserved on appeal and waived by King for further review before this Court.

Regarding the other elements of Count One, which King now challenges in his Motion, because King did not preserve his challenge to the sufficiency of the evidence as to these elements at the district court level, he has waived them. To that end, because his sufficiency of the evidence claims regarding Count One were not preserved at *both* the district court level and on appeal, they are procedurally defaulted. Because King does not provide any excusable cause for his default *and* that he suffered actual prejudice *or* prove his actual innocence, this Court should not consider the merits of that specific claim.

As to constructive amendment, King's claim regarding constructive amendment was not preserved at the district court level. *See* Appeal Doc. 89, p. 14, n. 12 (stating, "King did not raise this in the District Court[.]"). Further, King did not challenge the jury instructions, regarding whether he attempted to sex traffic the Minor Victim or sex trafficked her, or the verdict form. *See* Doc. 235 (Trial Transcript), pp. 51-54 (discussing jury instructions), 54-55 (discussing verdict form). Nor did he raise this issue in his Rule 29 Motion. *See* Doc. No. 195 (Motion for Judgment of Acquittal). On appeal, King conceded his failure to raise this issue at trial. *See* Appeal Doc. 39, p. 49 ("I did not argue this issue at trial."). Thus, this claim is procedurally defaulted. Again, because King does not provide any excusable cause for his default and that he suffered actual prejudice *or* prove his actual innocence, this Court should not consider the merits of this claim.

### Barred from Re-litigation

Regarding Ground #4, the Third Circuit determined that King's conviction at Count One was sound and upheld the conviction.

Specifically, as to the sufficiency of the evidence, the Third Circuit reviewed the evidence presented at trial, including the testimony of Special Agent Fina Spory, Forensics Special Agent David Coleman, the "damning" testimony of the minor victim and Chelsea Bauman, as well as an additional law enforcement witness. *See* Appeal Doc. 89, pp. 15-18. After reviewing each of the elements and the evidence in support of Count One, the Third Circuit "conclud[ed] that the evidence is sufficient to support the jury's sex trafficking verdict" at Count One. *Id*. at pp. 19-22.

As to the constructive amendment argument, the Third Circuit held that "the inclusion of the word 'attempted' did not constructively amend the indictment" and "the indictment contained the date range of which King complains and therefore does not constitute a constructive amendment." *See* Appeal Doc. 89, pp. 15-16. The Court did, however, recognize that the inclusion

of "reasonable opportunity to observe" language "was a constructive amendment to count one and constituted plain error that was presumptively prejudicial." *Id.* at 16. It went on, however, to identify all of the evidence presented at trial, which established that "the Government has shown 'with certainty' that King knew the victim's age and that the jury did not convict King simply on the basis that he had a reasonable opportunity to observe she was underage." *Id.* To that end, the Third Circuit determined that the instruction "did not affect King's substantial rights" so it would not vacate King's conviction on County One. *Id.*

The Third Circuit also addressed King's claim that the prosecution misstated an element of Count One—that is, that the United States suggested "a commercial sex act alone was sufficient to prove count one." *See* Appeal Doc. 89, p. 24. It held that "[t]here is simply no merit to this claim" because the District Court properly instructed the jury regarding what constitutes a "commercial sex act" for Count One. *Id.* at p. 25.

Consequently, because the arguments underlying Ground #4 were already litigated on appeal, this Court need not address the merits of Ground #4 and can deny King's Motion on this issue. Further, none of the exceptions to the bar against re-litigation are applicable to this claim. That is, King does not assert any newly discovered evidence, there has been no change in the law, he does not and cannot claim ineffective assistance of counsel because he represented himself before this Court and on appeal, and he received full and fair consideration of his purported constitutional claims.

**E.    Ground #5 has Been Procedurally Defaulted and is Barred from Further Litigation and King Offers No Basis for which the Court can Consider the Merits of His Claims.**

As to Ground #5, King claims "the District Court violated Petitioner's Fourteenth Amendment right to due process when it convicted Petitioner on insufficient evidence for Counts Two and Three of production of child pornography." *See* Motion at pp. 25-26 (cleaned up). King

18

raises only one issue with the sufficiency of the evidence in the Motion—that is, that the prosecution did not satisfy the "for the purpose" element. *Id.*

### *Procedural Default*

But this issue was not preserved at the district court level. The only challenge King raised at the district court level, regarding the sufficiency of the evidence at Counts Two and Three, was whether the United States proved the interstate commerce element. *See* Docs. 235 (Trial Transcript), pp. 29 (making Rule 29 oral motion and discussing, in part, the "hook of interstate and foreign commerce" and whether the videos were sent through the internet), 195 (Motion for Judgment of Acquittal), p. 2 (stating, "[t]he government could NOT prove interstate and foreign commerce for Counts 2 and 3"). And the Third Circuit agreed. It determined that "King did not raise his specific sufficiency arguments regarding the § 2251(a) offenses in the District Court[.]" *See* Appeal Doc. 89, p. 19-20, n. 13. Thus, this claim is procedurally defaulted. Because King does not provide any excusable cause for his default *and* that he suffered actual prejudice *or* prove his actual innocence, this Court should not consider the merits of this claim.

### *Barred from Re-litigation*

Regarding Ground #5, the Third Circuit determined that King's conviction at Counts Two and Three were sound and upheld his conviction.

Specifically, the Third Circuit rejected King's argument on the "for the purpose element." *See* Appeal Doc. 89, pp. 22-24. It held that "the evidence, viewed in the light most favorable to the Government, was sufficient for the jury to find that King engineered the sexually explicit conduct so that he could record the visual depictions." *Id.* at p. 24. Consequently, because the arguments underlying Ground #5 were already litigated on appeal, this Court need not address the merits of Ground #5 and can deny King's Motion as to this issue. Further, none of the exceptions

to the bar against re-litigation are applicable to this claim.  That is, King does not assert any newly discovered evidence, there has been no change in the law, he does not and cannot claim ineffective assistance of counsel because he represented himself before this Court and on appeal, and he received full and fair consideration of his purported constitutional claims.

**F.      Ground #6 has Been Procedurally Defaulted and is Barred from Further Litigation and King Offers No Basis for which the Court can Consider the Merits of His Claims.**

As to Ground #6, King claims "the District Court violated Petitioner's Fourteenth Amendment right to due process when it convicted petitioner on a duplicitous offense and also violated Petitioner's right to a unanimous jury verdict." *See* Motion at pp. 27 (cleaned up).  King's argument rests upon his assertion that the verdict form should have had two separate inquiries for Count One—that is, one for sex trafficking (18 U.S.C. §1591(a)) and another for attempted sex trafficking (18 U.S.C. 1594(a)).  *Id.*

### *Procedural Default*

King did not preserve this issue at the district court level—admitting he only raised it at sentencing—and King also advises that this issue was not raised on appeal.  *Id.*  Thus, this claim is procedurally defaulted.  Because King does not provide any excusable cause for his default *and* that he suffered actual prejudice *or* prove his actual innocence, this Court should not consider the merits of this claim.

### *Barred from Re-litigation*

Although King advises that this issue was not raised on appeal, he clarifies that he "mentioned [it] within his 'insufficiency of evidence for count one claim.'"  *Id.* at 27.  The Third Circuit did not specifically address the verdict form, however, the Third Circuit held that inclusion of "attempted sex trafficking" was not a constructive amendment to the Indictment.  *See* Case No. 22-3095, Doc. 89, p. 16.  Further, the Third Circuit addressed King's concern that the "Government

failed to prove he attempted to sex traffic the minor victim." *Id.* at 20. As previously discussed, the Third Circuit reviewed the evidence presented at trial. *Id.* at pp. 15-18. After reviewing each of the elements and the evidence in support of Count One, the Third Circuit rebuffed King's claim that the prosecution did not prove his guilt by stating, "[w]e conclude that the evidence is sufficient to support the jury's sex trafficking verdict." *Id.* King's argument at Ground #6, which appears to be another stab at the same arguments in Ground #4, should be considered an attempt to relitigate issues already resolved by the Third Circuit and therefore barred from further consideration. To the extent the Court agrees, none of the exceptions to the bar against re-litigation are applicable to this claim. That is, King does not assert any newly discovered evidence, there has been no change in the law, he does not and cannot claim ineffective assistance of counsel because he represented himself before this Court and on appeal, and he received full and fair consideration of his purported constitutional claims.

## IV.    NO EVIDENTIARY HEARING IS WARRANTED

Though King did not expressly request an evidentiary hearing on his Motion, the Court has discretion to afford him one under 28 U.S.C. § 2255. A district court is required to hold an evidentiary hearing on a motion to vacate sentence filed pursuant to 28 U.S.C. § 2255 unless the motion, files, and records of the case show conclusively that the movant is not entitled to relief. *See* 28 U.S.C. § 2255(b); *United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); 18 U.S.C.A. § 3006A. As noted above, King "has the burden of proof in 2255 proceedings." *United States v. Harris*, 205 F. Supp. 3d 651, 662 (M.D. Pa. 2016) (citing *United States v. Hollis*, 569 F.2d 199, 205 (3d Cir. 1977)).

Vague, conclusory, and frivolous allegations, such as those made in King's Motion, do not justify further inquiry through an evidentiary hearing or otherwise, including discovery. *Booth*,

21

432 F.3d at 545-46.  Rather, such allegations "may be disposed of without further investigation by the District Court."  *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000); *United States v. Schwartz*, 925 F. Supp. 2d 663, 679 (E.D. Pa. 2013); *see also Gov't of V.I. v. Bradshaw*, 726 F.2d 115, 117 (3d Cir. 1984) (a district court does not have to accept a defendant's allegations that are clearly frivolous based on the existing record); *United States v. Webster*, 392 F.3d 787, 801-02 (5th Cir. 2004) ("A federal habeas court must allow discovery and an evidentiary hearing only where a factual dispute, if resolved in the petitioner's favor, would entitle him to relief . . . . [c]onclusional allegations are insufficient to warrant discovery; the petitioner must set forth specific allegations of fact" (citation and quotation marks omitted)).  Because, as discussed above, King's claims are vague and/or contradicted by the record, the Court should summarily dismiss the Motion.  *See Palmer v. Hendricks*, 592 F.2d 386, 395 (3d Cir. 2010) ("We have repeatedly emphasized that bald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing on a habeas petition.").

## V.    NO CERTIFICATE OF APPEALABILITY SHOULD ISSUE

Under 28 U.S.C. § 2253(c)(2), "A certificate of appealability may issue [in a habeas proceeding or in a § 2255 proceeding] only if the applicant has made a substantial showing of the denial of a constitutional right."  "When the Court denies the petition on the merits of the claims, the petitioner must show that 'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Ebo*, 2020 WL 614113, at *9 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Here, King has not made that showing.  Thus, no certificate of appealability should issue.  *See, e.g.*, *Ciocan*, 2010 WL 1068228, at *11; *see also Webster*, 392 F.3d at 791.

22

## VI.    CONCLUSION

To obtain collateral relief, King must establish a fundamental defect, which inherently resulted in a complete miscarriage of justice.  Instead, King raises arguments that have been procedurally defaulted and/or are barred from further litigation.  As the record demonstrates, King was properly convicted by a jury and sentenced by this Court.  King's Motion should be denied without a hearing and no certificate of appealability should issue.

Respectfully submitted,

TROY RIVETTI
First Assistant United States Attorney

*/s/ Rebecca L. Silinski*
REBECCA L. SILINSKI
Assistant United States Attorney
Western District of Pennsylvania
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
T: (412) 894-7403
F: (412) 644-2645
rebecca.silinski@usdoj.gov
PA ID No. 320774

`

**CERTIFICATE OF SERVICE**

I hereby certify that on December 22, 2025, a true copy of the United States' Response in

Opposition to Defendant's Motion will be served by first-class mail on the following:

Roderick King
Reg. No. 45404-509
FCI Otisville
PO Box 1000
Otisville, NY 10963

Due to the time at which the within Response was filed, which was after close of business, the

United States could not mail a copy to King.  If for some unforeseen reason there is any delay in

mailing a copy to King, the United States will file an updated Certificate of Service.

`

/s/ Rebecca L. Silinski
REBECCA L. SILINSKI
Assistant United States Attorney
Western District of Pennsylvania
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
T: (412) 894-7403
F: (412) 644-2645
rebecca.silinski@usdoj.gov
PA ID No. 320774

24