UNITED STATES OF
AMERICA

v.

RODERICK KING

Criminal No. 21-184

**FILED**

JAN 2 1 2026

CLERK U.S. DISTRICT COURT
WEST DIST OF PENNSYLVANIA

1·12·26

DEFENDANT'S REPLY IN SUPPORT OF
HIS 28 U.S.C. § 2255 MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE UNDER
28 U.S.C § 2255

Ground #1 Has not been procedurally defaulted and is not barred from further litigation.

Ground #2 Is not barred from further litigation.

Ground #3 Is not barred from further litigation. The mentioned STA

~~Ground #4~~ continuances were NOT sufficient, and previous counsel infected defendant's trial proceedings. Had counsel ~~NOT~~ actually ~~been~~ not been coerced on defendant, the 03-15-2022 continuance ~~who~~ would have solely been on behalf of the gov. This continuance alone gives rise to a new trial.

Ground #4 Is not procedurally defaulted and is not barred from further litigation. The offense of " Sex Trafficking And Attempted Sex Trafficking" was NOT separated on the verdict form. One offense is 1594 the other is 1591, these are two separate statutes! The government violated my right to an unanimous Jury verdict. These two offenses has two different Jury instructions! Also the evidence was insufficient.

~~Ground #5 Has not been procedurally defaulted and is barred from Further~~ NOT ~~from~~

~~litigation.~~ The minor testified that she was unsure what the money was for. Guessing that the money was "probably for sex" is a far cry from " enticing the minor - Knowing the minor would be caused to engage in a commercial sex act.

Also, during the governments rebuttal to my oral Rule 29 motion, the government, and the court emmitted the element "would be cause." How can the court - during this oral Rule 29 motion - consider the evidence for count one sufficient with this vital emmitted element? To find the would be caused element would find that the defendant knew the enticement would cause the minor to act in the future. However its erroneous to convict a defendant on "all elements of an offense" when all elements were NOT considered.

Ground #5  Ground 5 has not been procedurally defaulted and is NOT barred from further litigation. Two short spon spontaneous videos under 30sec, with a cellphone does NOT prove foreplanning or intent

Ground #6  Has not been procedurally defaulted and is NOT barred from further litigation.

A CERTIFICATE OF APPEALABILITY SHOULD ISSUE

The applicant has mad a substantial showing of denial of constitutional right(s).

Ground #2 (Extension) The Government DID NOT PRODUCE, the REQUESTED phone extraction report. During side bar I said, I would like to the phone extraction report, "The gov responded." I'm not 100 percent which report." This is the only proof I need to show the gov could NOT have produced a report she is NOT 100 percent of! The gov also said I'm kind of at a loss for what report! It was NOT produced! And the court failed to look into the matter, Dismissal of charges charges is the ONLY remedy!

Respectfully submitted,
· Roderick King,

pro se,
#45404-509
FCI otisville
P.O. BOX 1000
Otisville, NY 10963

THE DEFENDANT:  No.  I just feel like reiterating it may put it more in their memory than just letting it go.

THE COURT:  Okay.  Fair enough.  All right.  Then, with that, I will, at the defendant's request, not provide the limiting instruction regarding that previous testimony. Are there any other matters that we need to take up before we invite the jurors back in to join us?

THE DEFENDANT:  I have a question.

THE COURT:  Yes, Mr. King.

THE DEFENDANT:  I would like -- I would like the extraction report David Coleman -- I would like that extraction report.

THE COURT:  That's a question to be directed to -- I'll let counsel for the United States respond.

MS. SILINSKI:  Sure, Your Honor.  I'm not 100-percent sure which report.  I know all of the reports that Agent Coleman had on the stand, we prepared in a binder for Mr. King so that he could have them at the same time. So the reports that we have were either produced as part of the Jencks material that was put on Mr. King's computer or just to make sure he had a paper copy and there weren't any issues, they were provided this morning to Mr. King.  If you can specify, if there's another report, I'm kind of at a loss for what report.

THE COURT:  Okay.  Thank you, Ms. Silinski.